120 T.C. No. 2

UNITED STATES TAX COURT

BRUCE L. BROSI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6855-01.              Filed January 13, 2003.

On Feb. 26, 2001, R issued P a notice of
deficiency for the taxable year 1996.  On May 22, 2001,
P mailed his petition to the Court.  On July 18, 2002,
P filed his 1996 Federal income tax return.  P's tax
withholdings for the taxable year 1996 exceeded his tax
liability.  R moved for summary judgment on the sole
issue of whether P is entitled to a refund of overpaid
1996 taxes arguing that P did not claim the refund
within the period of limitations provided in sec. 6511,
I.R.C.  P opposed the motion on the basis that the
running of the period of limitations was suspended
pursuant to sec. 6511(h), I.R.C., because he was under
an alleged "financial disability" during the period at
issue.  P's alleged "financial disability" is based
solely upon his alleged care-giving activities for his
mother and his simultaneous employment as a commercial
airline pilot.

<u>Held</u>:  Sec. 6511(h), I.R.C., provides for the
suspension of the running of the periods of limitation
with respect to an individual during any period when

such individual is "financially disabled". Sec.
6511(h)(2), I.R.C., provides that an individual is
"financially disabled" if "such individual is unable to
manage his financial affairs by reason of a medically
determinable physical or mental impairment of the
individual which can be expected to result in death or
which has lasted or can be expected to last for a
continuous period of not less than 12 months." Sec.
6511(h)(2), I.R.C., requires that the physical or
mental impairment be that of the individual taxpayer
rather than another individual. Accepting P's factual
allegations as true for purposes of this pending
motion, sec. 6511(h), I.R.C., does not apply to suspend
the running of the periods of limitation.

   Held, further, Because P did not file his 1996
income tax return prior to the notice of deficiency and
did not pay his 1996 income taxes within 2 years of the
mailing of the notice of deficiency, this Court lacks
jurisdiction to award a refund or credit. See
Commissioner v. Lundy, 516 U.S. 235, 240 (1996).


Bruce L. Brosi, pro se.

Frank A. Falvo, for respondent.


OPINION

   RUWE, Judge: This matter is before the Court on

respondent's motion for summary judgment filed pursuant to Rule

121.[1] The only issue in this case is whether petitioner's claim

for refund of an overpayment of his 1996 income tax is barred by

the applicable period of limitations. In opposition to

respondent's motion, petitioner alleges facts that he argues

would have suspended the running of the period of limitations

---

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

pursuant to section 6511(h).  Application of section 6511(h) is an issue of first impression.

## Background

During 1996, petitioner was employed as an airline pilot for USAir, Inc.  On or about February 26, 2001, respondent issued a notice of deficiency to petitioner for the taxable year ended December 31, 1996.  At the time respondent issued the notice of deficiency, petitioner had not filed an income tax return for that year.  On May 22, 2001, petitioner mailed his petition to the Court seeking redetermination of those amounts determined by respondent for 1996.  On July 18, 2002, petitioner filed his 1996 Form 1040, U.S. Individual Income Tax Return, with respondent's Appeals Office.  On line 22 of his 1996 return, petitioner listed his gross income as $100,523.  Petitioner's income tax liability for 1996 was $21,790.  During the 1996 taxable year, petitioner had Federal income tax withholdings totaling $30,050.  Petitioner's income tax withholdings for 1996 exceeded his tax liability by $8,260.

At the time he filed his petition, petitioner resided in Moon Township, Pennsylvania.

## Discussion

In his motion for summary judgment, respondent contends that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.  According to

respondent, this Court lacks jurisdiction to award a refund or credit of the overpayment because the period of limitations has expired. Petitioner opposes summary judgment on the ground that there are alleged facts that will show that the running of the period of limitations was suspended by section 6511(h). Section 6511(h) suspends the running of the periods of limitation for filing refund and credit claims in certain cases of "financial disability". Petitioner bases his "financial disability" claim on his care-giving responsibilities to his mother and his simultaneous employment as an airline pilot. For the reasons stated below, we disagree with petitioner and hold that respondent is entitled to summary judgment.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The

moving party, here respondent, bears the burden of proving that there is no genuine issue of material fact, and all factual inferences will be read in the light most favorable to petitioner, the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). However, the nonmoving party is required "to go beyond the pleadings and by" his "own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)); see Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Group, Inc. & Subs. v. Commissioner, 115 T.C. 554, 560 (2000). Of course, the nonmoving party need not "produce evidence in a form admissible at trial in order to avoid summary judgment." Celotex Corp. v. Catrett, supra at 324.

Section 6512 grants this Court limited jurisdiction to determine and award overpayments of tax to taxpayers.[2] However, the amount of any refund which this Court can award is restricted according to when the overpayment was made. Section 6512(b)(3)

---

[2]Specifically, sec. 6512(b)(1) provides: "if the Tax Court finds that there is no deficiency and further finds the taxpayer has made an overpayment of income tax * * * the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer."

provides:

> SEC. 6512(b)(3). Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--
>
> *       *       *       *       *       *       *
>
> (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed)* * *

Although "not elegant," the statutory scheme is straightforward. Commissioner v. Lundy, 516 U.S. 235, 242 (1996). "[A]ll that matters for the proper application of §6512(b)(3)(B) is that the 'claim' contemplated in that section be treated as the only mechanism for determining whether a taxpayer can recover a refund." Id. at 242. Thus, the statute defines the limitation relevant here, by incorporating the "look-back" provisions found in section 6511(b) and "directs the Tax Court to determine the applicable period by inquiring into the timeliness of a hypothetical claim for refund filed 'on the date of the mailing of the notice of deficiency.'"[3] Id. at 242. "[A] taxpayer who

---

[3]Generally, sec. 6511 dictates the period in which a taxpayer must claim a refund or credit for overpaid taxes. The taxpayer must file a claim for refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." Sec. 6511(a) and (b)(1); see Commissioner v. Lundy, 516 U.S. 235, 240 (1996).

seeks a refund in the Tax Court * * * does not need to actually file a claim for refund with the IRS; the taxpayer need only show that the tax to be refunded was paid during the applicable look-back period." Id. at 241.

Section 6511(b) limits the amount of tax to be refunded to two "look-back" periods: (1) If the claim is filed within 3 years from the time the return was filed, then the taxpayer is entitled to a refund of the portion of the tax paid within the 3 years immediately preceding the filing of the claim (plus the period of any extensions of time for filing the return); or (2) if the claim is not filed within that 3-year period, then the taxpayer is entitled to a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." Sec. 6511(b)(2)(A) and (B); see Commissioner v. Lundy, supra at 240. The U.S. Supreme Court held that where the taxpayer does not file a return or claim for refund before the Commissioner issues the notice of deficiency, the 2-year look-back period applies, measured from the date of the mailing of the notice of deficiency.[4] Commissioner v. Lundy, supra at 253.

---

[4]In Commissioner v. Lundy, supra, the taxpayers had income tax withholdings greater than their liability for the taxable year 1987. The Lundys failed to file timely their 1987 return. In September of 1990, the Commissioner issued a notice of deficiency. In December of 1990, the Lundys filed their 1987 income tax return and therein claimed a refund. Immediately thereafter, the Lundys filed a petition with this Court. The Commissioner argued that this Court lacked jurisdiction to award
(continued...)

Shortly after the Supreme Court decided Commissioner v. Lundy, supra, Congress amended section 6512(b)(3). This amendment essentially overturned Lundy, making the look-back period in such cases 3 years. See sec. 6512(b)(3). However, this amendment has no application to petitioner's 1996 tax liability because Congress made the amendment effective for taxable years that ended after August 5, 1997.[5] See Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(b), 111 Stat. 1038.

Petitioner is deemed to have paid his taxes withheld during 1996 on April 15, 1997. See sec. 6513(b)(1). The notice of deficiency was mailed on February 26, 2001, before petitioner filed his 1996 return. Based upon the undisputed facts in this case, petitioner is not entitled to a refund of his overpaid 1996 income tax unless the running of the period of limitations in section 6511 was suspended.

Section 6511(h)[6] provides equitable relief for taxpayers

---

[4](...continued)
a refund to the Lundys. The Supreme Court agreed with the Commissioner and denied the Lundys' refund claim holding that if the taxpayer has not filed a return or refund claim by the time the notice of deficiency is mailed, and the notice is mailed more than 2 years after the date on which the taxes were paid, the look-back period is 2 years and we lack jurisdiction to award a refund.

[5]Even if the amendment were applicable, it would not benefit petitioner since the deficiency notice was issued more than 3 years after the due date of the return.

[6]Sec. 6511(h) was added to the Code by the Internal Revenue
(continued...)

seeking a refund or credit for overpaid taxes.  That provision provides:

> SEC. 6511(h).  Running of Periods of Limitation Suspended While Taxpayer Is Unable to Manage Financial Affairs Due to Disability.--
>
> (1) In general.--In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.
>
> (2) Financially disabled.--
>
> (A) In general.--For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form

---

[6](...continued)
Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3202(a), 112 Stat. 740.  Congress added sec. 6511(h) to the Code in response to the U.S. Supreme Court's opinion in United States v. Brockamp, 519 U.S. 347 (1997), where the Court concluded that Congress did not intend to allow equitable considerations to affect sec. 6511's time limitations. See Staff of Joint Comm. on Taxation, General Explanation of Tax Legislation Enacted in 1998, at 72 (J. Comm. Print 1998), 1998-4 C.B. 543, 630.

Sec. 6511(h) "shall apply to periods of disability before, on, or after the date of the enactment of this Act [July 22, 1998] but shall not apply to any claim for credit or refund which (without regard to such amendment) is barred by the operation of any law or rule of law (including res judicata) as of the date of the enactment of this Act."  RRA 1998 sec. 3202(b), 112 Stat. 741.

and manner as the Secretary may require.

(B) Exception where individual has guardian, etc.--An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

A plain reading of section 6511(h) demonstrates that the physical or mental impairment must be that of the taxpayer, not of some third person. See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) ("The task of resolving the dispute over the meaning of * * * [a statute] begins where all such inquiries must begin: with the language of the statute itself * * * In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'"). In defining "financially disabled", section 6511(h)(2)(A) refers to "a medically determinable physical or mental impairment of the individual" to whom the statute of limitations applies. (Emphasis added.) To have any logical meaning, the statute must equate "the individual" with the taxpayer claiming the benefits of section 6511(h). Furthermore, Congress clearly intended that the physical or mental impairment of the taxpayer be substantial. First, the impairment must be one that is "expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Sec. 6511(h)(2)(A). Secondly, to claim these

extraordinary benefits, the taxpayer must present proof of a qualifying impairment in the form and manner specified by the Secretary. See sec. 6511(h)(2)(A). The Secretary has established such form and manner in Rev. Proc. 99-21, 1999-1 C.B. 960. According to the revenue procedure, the taxpayer must provide a physician's written statement setting forth inter alia: (1) A description of the taxpayer's physical or mental impairment; (2) the physician's medical opinion that the taxpayer's physical or mental impairment prevented him from managing his financial affairs; (3) the physician's medical opinion that the impairment was or could be expected to result in death or lasted (or could be expected to last) for a continuous period of not less than 12 months, etc.

In this case, petitioner does not contend that he suffered from the type of physical or mental impairment contemplated by section 6511(h)(2). Instead, petitioner explains that his failure to timely file a return or claim a refund is a result of his care-giving responsibilities provided to his mother and his contemporaneous employment as an airline pilot. Petitioner explains that he

> functioned as his maternal parent's primary health care provider for some four years commencing in 1996. Responsibilities included weekly round [sic] travel from Pennsylvania to the parental homestead in Illinois, four days a week of virtually constant care-giving, and during the remaining three days a week, maintaining his employment as a pilot with US Airways traveling at all times and remaining away from his domicile.

Petitioner does not articulate any physical or mental impairment from which he suffered during any period at issue here.  Instead, petitioner contends that his care-giving responsibilities provided to another while simultaneously earning a living somehow afford him the extraordinary benefits of section 6511(h).  We disagree.  While we sympathize with petitioner regarding his mother's condition and the demands of his employment, those are the types of problems confronted by many taxpayers and are not the conditions contemplated in section 6511(h).  Viewing the record in the light most favorable to petitioner, he cannot sustain his claim to the benefits articulated in section 6511(h).

As the period of limitations articulated in section 6511 is not suspended by virtue of section 6511(h), we therefore lack jurisdiction to award petitioner a refund or credit.  See secs. 6511 and 6512; Commissioner v. Lundy, 512 U.S. at 252; United States v. Brockamp, 519 U.S. 347 (1997).  Accordingly, we grant respondent's motion for summary judgment.

An appropriate order and decision will be entered.