T.C. Memo. 2008-261


UNITED STATES TAX COURT


RICHARD A. PERKINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14587-06L.                    Filed November 20, 2008.


Richard A. Perkins, pro se.

<u>Christopher J. Sheldon</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>:  On April 16, 2008, this Court rendered a

Memorandum Opinion, <u>Perkins v. Commissioner</u>, T.C. Memo. 2008-103

(Perkins I), in which we decided that respondent's proposed

enforcement action to collect by levy assessments for additions

to tax and interest for 1995 and 2000 against petitioner could

not proceed.  We remanded the matter to respondent's Appeals

Office for reconsideration as to if and when petitioner was financially disabled for purposes of section 6511(h).[1]

## Background

Petitioner resided in Arizona when he filed his petition.

Petitioner and his wife belatedly filed joint returns for 1995 and 2000 on which they reported tax of $4,219 and $5,892, respectively. Respondent assessed additions to tax and interest with respect to the tax shown on each return.

Petitioner filed a joint return for 1999 on February 26, 2004. That return showed, and respondent does not dispute, that petitioner overpaid his 1999 tax liability by $1,922. All of petitioner's 1999 tax payments were made through withholding credits.

Petitioner argued that he should be permitted to apply the 1999 overpayment to amounts owed for 1995 and 2000. The central dispute in Perkins I, as well as herein, was whether petitioner timely filed a claim for a refund of his 1999 Federal income tax overpayment. Because petitioner filed that claim on February 26, 2004, it would generally be barred by the section 6511 period of limitations. Petitioner claimed the statute was tolled, and the section 6511 period of limitations did not bar his claim for

---

[1]All section references are to the Internal Revenue Code as amended.

refund of his 1999 overpayment, because he was "financially disabled" within the meaning of section 6511(h).

In Perkins I we found that respondent's Appeals settlement officer misapprehended the applicable law in considering whether petitioner was financially disabled, and thus we remanded the case to respondent's Appeals Office for reconsideration. The remand necessitated our preventing respondent from proceeding with his proposed enforced collection action until respondent's Appeals settlement officer could reconsider petitioner's claim that he was financially disabled.

Pursuant to our order to remand, on July 18, 2008, one of respondent's Appeals settlement officers met with petitioner to discuss the issue of tolling the statute of limitations pursuant to section 6511(h). She provided petitioner with the applicable guidelines, found in Rev. Proc. 99-21, 1999-1 C.B. 960, to be used in deciding whether a taxpayer is financially disabled. Petitioner agreed to attempt to obtain the documentation required under the guidelines to substantiate his financial disability claim. When respondent did not receive the relevant documentation, respondent issued a supplemental notice of determination on September 26, 2008, in which respondent concluded that petitioner was not financially disabled within the meaning of section 6511(h). Consequently, respondent denied

petitioner's claim to have his overpayment for 1999 applied to offset his tax liability for 1995 and 2000.

## Discussion

In Perkins I we described the statutory framework regarding enforced collection activity by the Secretary. Petitioner's sole argument as to the procedures that have been employed thus far is that respondent's proposed levy should not proceed because petitioner's 1999 overpayment is available to offset his 1995 and 2000 tax liabilities.

As we noted in Perkins I:

> As directed by section 6511(h), the Commissioner has prescribed guidelines that are to be used in deciding whether a taxpayer is financially disabled. According to Rev. Proc. 99-21, sec. 4, 1999-1 C.B. 960, 960, the taxpayer must provide a physician's written statement that includes: (1) The name and description of the taxpayer's physical or mental impairment, (2) the physician's medical opinion that the impairment prevented the taxpayer from managing his financial affairs, (3) the physician's medical opinion that the impairment was or can be expected to result in death, or lasted or can be expected to last for 12 months or more, and (4) the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs.[15] The physician's statements must be submitted with the credit or refund claim. Id.
>
> [15]Additionally, the taxpayer must certify than no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the relevant period. [See sec. 6511(h)(2)(B).]

The criteria for an individual's financial disability, as set forth in Rev. Proc. 99-21, supra, are drawn directly from the text of section 6511(h)(2)(A), and that statute mandates that

proof of the existence of an individual's financial impairment be furnished in the form or manner as the Secretary may require.

Following remand of this case to respondent's Appeals Office, petitioner attempted to obtain a physician's written statement as described in Rev. Proc. 99-21, supra. To this end, petitioner wrote to a psychiatrist at Saint Vincent Behavioral Health Clinic (Saint Vincent's) who had treated petitioner for mental health difficulties, asking the psychiatrist to provide the required statement. In a subsequent telephone conversation with petitioner, the psychiatrist stated, according to petitioner, that the psychiatrist's "diagnosis and treatment of [petitioner] was so long ago he would have to rely on what was written in [petitioner's] medical record, which should be sufficient, and would not be able to add anything."

Petitioner's medical record, including detailed notes compiled by a therapist and a psychiatrist at Saint Vincent's, was submitted at the trial of this case. Respondent objected to the admission of the notes into evidence as well as petitioner's testimony concerning his medical history. We need not decide whether the evidence is admissible, because we find that it is insufficient to establish that petitioner was financially disabled within the meaning of section 6511(h).

Nowhere in petitioner's medical record is there any statement by a physician to the effect that petitioner was

incapable of managing his financial affairs, or that he suffered from an impairment that could be expected to result in death (or had lasted or could be expected to last for 12 months or more), or that any specific period was associated with such impairment. On the contrary, petitioner testified that from 2000 through 2003 he earned significant amounts of income working for the same employer and during those years he paid bills, entered into lease agreements together with his wife, and was "predominantly in charge of the household finances."

Petitioner has not shown that he was financially disabled for purposes of section 6511(h). Consequently, the section 6511 period of limitations with respect to petitioner's refund claim for tax year 1999 was not suspended, and the period of limitations with respect to petitioner's refund claim expired.

Because petitioner's 1999 overpayment is not available to offset his 1995 and 2000 tax liabilities, respondent may proceed to collect by levy additions to tax and interest petitioner owes for 1995 and 2000.

To reflect the foregoing,

Decision will be entered for respondent.