T.C. Memo. 2010-147

UNITED STATES TAX COURT

MATTHIAS HALLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11448-08.                    Filed July 6, 2010.

Matthias Haller, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $6,323
in petitioner's Federal income tax for his 2003 tax year, a
failure to file addition to tax pursuant to section 6651(a)(1) of
$373, and a failure to pay addition to tax pursuant to section

6651(a)(2) of $357.[1]  Respondent concedes that petitioner is not liable for the amounts set forth in the notice of deficiency and contends that the period of limitations is closed for petitioner's refund claim.  Petitioner contends that the period of limitations is suspended pursuant to section 6511(h) on account of his financial disability and that he is entitled to an overpayment of $17,044 (overpayment).  Respondent concedes that petitioner is entitled to a refund of the overpayment if the period of limitations is suspended pursuant to section 6511(h).  Petitioner concedes that, absent a showing of financial disability, the period of limitations for refund of the overpayment for his 2003 tax year is closed.  Accordingly, we must decide whether petitioner was financially disabled pursuant to section 6511(h).

## FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are so found.

At the time he filed his petition, petitioner resided in Ohio.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.  All amounts are rounded to the nearest whole dollar.

During 2002 petitioner and his wife, Maxine Haller (Mrs. Haller),[2] owned and operated two businesses named Restorative Solutions, L.L.C. (Restorative Solutions), and Orthocad, L.L.C. (Orthocad).[3] Restorative Solutions and Orthocad provided custom wheelchairs to disabled individuals and performed maintenance on them as necessary. During their 2003 tax year, petitioner and Mrs. Haller paid through withholding $23,791 in Federal income taxes. Restorative Solutions and Orthocad were dissolved on December 1, 2005.

From sometime during 2002 until mid-2007, petitioner suffered from stress-induced adrenal failure which affected his memory.[4] Petitioner's illness caused him to forget to pay bills and miss appointments. However, during his illness, petitioner would have clear days when he thought he could accomplish

---

[2]Mrs. Haller was a signatory to the petition in this proceeding. However, respondent filed a motion to dismiss Mrs. Haller for lack of jurisdiction because no notice of deficiency was issued to her. By order dated July 15, 2008, Mrs. Haller was dismissed from this proceeding.

[3]Restorative Solutions and Orthocad were limited liability companies pursuant to the laws of Ohio and were formed on Apr. 30, 2002.

[4]At trial petitioner did not present expert testimony regarding the effects of his illness on his physical and mental capacity to carry on his financial affairs. However, respondent does not refute the fact that petitioner was ill as he described in his testimony; rather, respondent disputes whether petitioner's illness was sufficient to toll the period of limitations of sec. 6511(b), pursuant to sec. 6511(h). We, therefore, accept as true petitioner's testimony describing his illness and its effects on him.

anything.  Petitioner's illness was a result of stress from work and Mrs. Haller's health problem discussed below.

From 2003 to 2007, petitioner was aware of his obligation to file a Federal income tax return for his 2003 tax year. Petitioner and Mrs. Haller made several attempts to have their 2003 tax return prepared for them.  During 2004 petitioner and Mrs. Haller hired an accountant to prepare their 2003 tax return. However, their accountant never finished their 2003 return because they could not afford his fee.  Petitioner and Mrs. Haller also contacted the Internal Revenue Service (IRS) and investigated pro bono tax preparation services, but they were unable to obtain aid in filing their 2003 tax return.  Mrs. Haller attempted to prepare their 2003 return "every night for two weeks" but did not complete the forms.

During the period of petitioner's illness, petitioner and Mrs. Haller were physically and financially able to care for their children.  During 2004 to 2007 petitioner and Mrs. Haller paid some of their bills, and their utilities were never cut off. Petitioner and Mrs. Haller earned $72,000 in wage income during 2004 and over $47,000 during 2005.

During April 2003, Mrs. Haller contracted a staph infection before the birth of her first son.  Mrs. Haller's illness resulted in a reduced ability to participate in Restorative Solutions and Orthocad during 2003 and 2004.

During 2005, petitioner and Mrs. Haller searched for and hired a bankruptcy attorney. On October 7, 2005, petitioner and Mrs. Haller filed a joint chapter 7 petition in the U.S. Bankruptcy Court for the Southern District of Ohio. On February 10, 2006, petitioner and Mrs. Haller were granted a discharge by the bankruptcy court. As a result of the bankruptcy proceeding, petitioner and Mrs. Haller lost their home.

After petitioner and Mrs. Haller failed to file a Federal income tax return for their 2003 taxable year, respondent prepared a section 6020(b) substitute return for 2003. On February 11, 2008, respondent sent petitioner a notice of deficiency in petitioner's Federal income tax for his 2003 tax year and additions to tax pursuant to section 6651(a)(1) and (2).

While petitioner's case was being considered by respondent, petitioner and Mrs. Haller submitted to respondent's Appeals Office a joint Form 1040, U.S. Individual Income Tax Return, for their 2003 tax year,[5] on which they claimed married filing jointly status, tax payments of $23,791, and a tax refund of $17,044.

On January 26, 2009, petitioner provided respondent with copies of two physician's statements signed by Dr. Timothy Kubacki, D.O., one on behalf of petitioner and one on behalf of

---

[5]The record is unclear as to whether petitioner and Mrs. Haller submitted their 2003 tax return before or after respondent sent the notice of deficiency.

Mrs. Haller.  On February 5, 2009, petitioner faxed to respondent's counsel a signed statement, dated February 4, 2009, which reads:  "With my signature below, I confirm that for the period of my impairment no other person was given authorization to act on my behalf concerning financial matters."  The physician's statements and petitioner's signed statement were not attached to petitioner's Federal income tax return for his 2003 taxable year.[6]

OPINION

The issue we must decide is whether petitioner was financially disabled pursuant to section 6511(h).  If the period of limitations for refund of the overpayment was suspended on account of petitioner's financial disability, respondent concedes that the overpayment should be allowed.  Section 6512 grants this Court limited jurisdiction to decide overpayments of tax and

_____

[6]Respondent objects to the physician's statements on the basis of hearsay and lack of authentication.  See Fed. R. Evid. 801(c), 802, 901.  We conclude that the physician's statements are hearsay and, therefore, inadmissible for the truth of the matter asserted.  However, we admit the physician's statements for the limited purpose of showing that petitioner sent the statements to respondent on Jan. 26, 2009.  See Fed. R. Evid. 901.  Moreover, even if we were to consider the evidence to which respondent objects, we would hold for respondent because we conclude that it is insufficient to establish financial disability pursuant to sec. 6511(h).  See infra; see also Perkins v. Commissioner, T.C. Memo. 2008-261 ("We need not decide whether the evidence is admissible, because we find that it is insufficient to establish that petitioner was financially disabled within the meaning of section 6511(h).").

order the refund of such overpayments to taxpayers.  Section

6512(b)(1) provides as follows:

> if the Tax Court finds that there is no deficiency and
> further finds that the taxpayer has made an overpayment of
> income tax * * * or finds that there is a deficiency but
> that the taxpayer has made an overpayment of such tax, the
> Tax Court shall have jurisdiction to determine the amount of
> such overpayment, and such amount shall, when the decision
> of the Tax Court has become final, be credited or refunded
> to the taxpayer.

The amount of any refund which this Court may award,

however, is restricted to payments made by the taxpayer pursuant

to section 6512(b)(3), which provides as follows:

> No such credit or refund shall be allowed or made of any
> portion of the tax unless the Tax Court determines as part
> of its decision that such portion was paid--
>
> *     *     *     *     *     *     *
>
> (B) within the period which would be applicable under
> section 6511(b)(2), (c), or (d), if on the date of the
> mailing of the notice of deficiency a claim had been
> filed (whether or not filed) * * *

Although "not elegant," the statutory scheme is

straightforward.  Commissioner v. Lundy, 516 U.S. 235, 242

(1996).  "[A]ll that matters for the proper application of

section 6512(b)(3)(B) is that the 'claim' contemplated in that

section be treated as the only mechanism for determining whether

a taxpayer can recover a refund."  Id.  Accordingly, the statute

defines the limitation relevant to the instant case by

incorporating the "lookback" provisions found in section 6511(b)

and "directs the Tax Court to determine the applicable period by

inquiring into the timeliness of a hypothetical claim for refund filed 'on the date of the mailing of the notice of deficiency.'"[7] Id. "[A] taxpayer who seeks a refund in the Tax Court * * * does not need to actually file a claim for refund with the IRS; the taxpayer need only show that the tax to be refunded was paid during the applicable look-back period." Id. at 241. In other words, the taxpayer need only timely file a petition contesting the notice of deficiency in the Tax Court and prove an overpayment occurred during the applicable lookback period.

Section 6511(b) limits the amount of tax to be refunded to two "lookback" periods: (1) If the claim is filed within 3 years from the time the return was filed, the taxpayer is entitled to a refund of the portion of the tax paid within the 3 years immediately preceding the filing of the claim (plus the period of any extensions of time for filing the return); or (2) if the claim is not filed within that 3-year period, the taxpayer is entitled to a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." Sec.

---

[7]Generally, sec. 6511 provides the period during which a taxpayer must claim a refund or credit for overpaid taxes. The taxpayer must file a claim for refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." Sec. 6511(a).

6511(b)(2)(A) and (B); see <u>Commissioner v. Lundy</u>, <u>supra</u> at 240.[8]
Petitioner is deemed to have paid on April 15, 2004, the taxes
that were withheld from him and paid to the IRS for his 2003 tax
year.  See sec. 6513(b)(1).  Respondent sent petitioner a notice
of deficiency dated February 11, 2008, more than 3 years after
petitioner's taxes for his 2003 tax year were deemed paid.
Consequently, the applicable lookback period is the 2 years
before February 11, 2008.  The period of limitations, therefore,
closed on February 11, 2006, unless it was suspended by section
6511(h).

Section 6511(h) provides equitable relief to suspend the
period of limitations for taxpayers seeking a refund or credit
for overpaid taxes.[9]  Section 6511(h) provides as follows:

---

[8]In <u>Commissioner v. Lundy</u>, 516 U.S. 235 (1996), the Supreme
Court held that, where the taxpayer does not file a return or a
claim for refund before the Commissioner issues a notice of
deficiency, the 2-year lookback period applies, measured from the
date of the mailing of the notice of deficiency.  Shortly after
the Supreme Court decided <u>Lundy</u>, Congress amended sec. 6512(b)(3)
to extend the lookback rule to 3 years in a case where the
taxpayer fails to file a return or a claim for refund before the
mailing of a notice of deficiency and the letter is mailed on a
date "during the third year after the due date (with extensions)
for filing the return of tax".  Taxpayer Relief Act of 1997, Pub.
L. 105-34, sec. 1282(a), 111 Stat 1037.  The amended statute is
effective for taxable years ending after Aug. 5, 1997.  <u>Id.</u> sec.
1282(b), 111 Stat. 1038.

[9]Before the enactment of sec. 6511(h), the Supreme Court
held that, although a taxpayer's mental disability might be a
valid reason for equitable tolling, the period of limitations
could not be equitably tolled because the sec. 6511 deadline for
filing a refund claim contained no "implied 'equitable tolling'"
(continued...)

SEC. 6511(h).  Running of Periods of Limitation Suspended While Taxpayer Is Unable to Manage Financial Affairs Due to Disability.--

(1) In general.--In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.

(2) Financially disabled.--

(A) In general.--For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

(B) Exception where individual has guardian, etc.--An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

In order for a taxpayer to qualify as financially disabled pursuant to section 6511(h), the physical or mental impairment must be that of the taxpayer, not of some third person.  Brosi v. Commissioner, 120 T.C. 5, 10 (2003).  Moreover, Congress clearly

---

[9](...continued)
exception.  United States v. Brockamp, 519 U.S. 347, 350-351 (1997).  In response to Brockamp, Congress enacted sec. 6511(h) to allow equitable tolling in certain cases.  See H. Conf. Rept. 105-599, at 255 (1998), 1998-3 C.B. 747, 1009.

intended that the physical or mental impairment of the taxpayer be substantial. Id. at 11. The impairment must be one that is "expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Sec. 6511(h)(2)(A).

To be eligible, the taxpayer must present proof of a qualifying impairment in the form and manner specified by the Secretary. Id. The Secretary has established that form and manner in Rev. Proc. 99-21, 1999-1 C.B. 960. See Green v. Commissioner, T.C. Memo. 2009-105. According to the revenue procedure, the taxpayer must provide a physician's written statement setting forth, inter alia: (1) A description of the taxpayer's physical or mental impairment; (2) the physician's medical opinion that the taxpayer's physical or mental impairment prevented him from managing his financial affairs; (3) the physician's medical opinion that the impairment was or could be expected to result in death or lasted (or could be expected to last) for a continuous period of not less than 12 months; and (4) the specific period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs. Rev. Proc. 99-21, sec. 4(1). Additionally, the taxpayer must submit a written declaration stating that no person was authorized to act on behalf of the taxpayer in financial matters during the period of financial disability. Id.

The physician's statement and written declaration must be submitted along with the taxpayer's claim for credit or refund. Id.

Petitioner contends that he was financially disabled continuously from sometime during 2002 through the middle of 2007, a period of nearly 4½ years. Additionally, petitioner contends that Mrs. Haller was not able to act on his behalf. Respondent contends that petitioner's illness was not continuous, that Mrs. Haller was authorized to act on his behalf, and that petitioner did not meet the procedural requirements of section 6511(h) and Rev. Proc. 99-21, supra.

We conclude that petitioner has not shown that he was financially disabled. Petitioner was able to take care of his financial affairs from 2002 to 2007, the period of his claimed illness.[10] We accept that petitioner suffered from stress-induced adrenal failure that affected his memory and his ability to run his businesses, and perhaps his ability to earn money. However, during the period of his illness petitioner and Mrs. Haller were physically and financially able to care for their children. Moreover, during 2004 petitioner and Mrs. Haller earned $72,000 in wage income. See Perkins v. Commissioner, T.C. Memo. 2008-261 (taxpayer who earned significant amounts of

[10]Petitioner has not argued that his illness would result in death. Accordingly, we need not address that issue.

income, entered into lease agreements, and was predominantly in charge of the household was not financially disabled). Additionally, petitioner testified that he was aware of his obligation to file a Federal income tax return for his 2003 tax year and that during his illness he would have clear days when he thought he could accomplish anything.

Petitioner also points to a lack of funds and an inability to pay bills on time as evidence of financial disability. However, during 2004 to 2007, petitioner and Mrs. Haller paid some of their bills, and petitioner's utilities were never cut off during that period. See Glover v. United States, 96 AFTR 2d 2005-5251 (E.D. Mich. 2005) (taxpayer who could make timely mortgage, car, and utility bill payments was not financially disabled). In any case, as stated above, a lack of funds may be a symptom of financial disability; it is not, standing alone, proof of financial disability for purposes of section 6511(h).

Similarly, petitioner points to the loss of his home in a bankruptcy proceeding as evidence of financial disability. While petitioner and Mrs. Haller did lose their house, petitioner has failed to show that the bankruptcy was due to other than a lack of funds, as opposed to a physical or mental impairment that

prevented him from the act of carrying on his financial affairs.[11]

Petitioner's other actions during the relevant period are also evidence that he was not financially disabled.  For instance, during 2004 petitioner and Mrs. Haller were able to hire an accountant to prepare their 2003 tax return.[12] Petitioner and Mrs. Haller also contacted the IRS and investigated pro bono tax preparation services.[13]

On the basis of the entire record, we hold that petitioner has failed to prove that he was financially disabled; i.e., had a physical or mental impairment that prevented him from carrying on his financial affairs for a continuous period which lasted or was expected to last not less than 12 months as required by section 6511(h).

Because we hold that petitioner has not shown that he was financially disabled for the relevant period, we need not decide whether Mrs. Haller was authorized to act on petitioner's behalf. See sec. 6511(h)(2)(B).

---

[11]During 2005, petitioner and Mrs. Haller filed a voluntary petition in bankruptcy.  While bankruptcy also may be a symptom of financial disability, we believe that their voluntary bankruptcy petition is evidence of their mental capacity to make decisions about their affairs.

[12]However, petitioner and Mrs. Haller's accountant never finished their 2003 return because they could not afford his fee.

[13]Petitioner and Mrs. Haller were unable to obtain aid in filing their 2003 tax return.

As the period of limitations set forth in section 6511 is not suspended pursuant to section 6511(h), petitioner is not entitled to the refund of his overpayment of taxes for his 2003 taxable year. See secs. 6511 and 6512.

The Court has considered all of the arguments made by the parties and, to the extent we have not addressed them herein, we consider them unnecessary to reach, moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u> <u>for respondent</u>.