Taxes; claim for refund; untimeliness of claim. — On January 26,1982 the court entered the following order:
*815 Before Friedman, Chief Judge, Bennett and Smith, Judges.
per curiam:
this pro se plaintiff seeks a refund of an overpayment of federal income taxes for 1976 or $2,050. The claim for refund was made to the Internal Revenue Service in the plaintiffs income tax return for that year, which he filed on July 29, 1980. The Service rejected the claim because it was filed more than three years after the due date of the return of April 15,1977.
The plaintiff states that his failure to file a timely return resulted from various illnesses of himself and members of his family and his raising his nine children by himself. Unfortunately for the plaintiff, however, Congress has barred a tax refund for taxes paid more than three years before the claim was filed.
Section 6511(a) of the Internal Revenue Code, I.R.C. § 6511(a), requires that any claim for refund of an overpayment of tax must be filed within three years from the time the return is filed or within two years from when the tax is paid, whichever is later. Section 6511(b)(1) provides that no such claim shall be allowed after the expiration of the limitations period in subsection (a), unless a claim for refund was filed within that period. Section 6511(b)(2) limits claims for refunds to those taxes paid within three years before the claim is filed. Section 6513(b) provides that taxes withheld, amounts paid as estimates, or earned income credit shall be deemed to have been paid on the last day prescribed for filing the return. The plaintiffs taxes are deemed to have been paid on April 15, 1977. The effect of the above provisions is to bar any claim for a refund that is filed 39 months after that date. Craiglow v. United States, 212 Ct. Cl. 542 (1976); Domtar Newsprint Sales Ltd. v. United States, 193 Ct. Cl. 505, 435 F.2d 563 (1970); Rev. Rul. 57-354, 1957-2 C.B. 913.
The plaintiffs claim was untimely because it was not filed until July 29, 1980, more than 39 months after his return was due on April 15,1977. There is nothing in any of these provisions that permits an exception to this time limitation to be made because of the illness of the taxpayer or his family or other extenuating circumstances.
Accordingly, the petition is dismissed.