CHICAGO MILWAUKEE CORPORATION, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 94–5051.

United States Court of Appeals, Federal Circuit.

Nov. 8, 1994.

**374**

Barry Sullivan, Jenner & Block, Chicago, IL, argued for plaintiff-appellant. With him on the brief were Jerold S. Solovy.

Joan I. Oppenheimer, Atty., Dept. of Justice, Washington, DC, argued for defendant-appellee. With her on the brief were Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen and David I. Pincus, Attys.

Before NEWMAN, PLAGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

Chicago Milwaukee Corporation (CMC) sought a refund of railroad retirement tax overpayments it made on behalf of itself and former employees. CMC did not certify that it had first repaid the employees, or obtained their consent to seek a refund. The United States Court of Federal Claims dismissed, holding that it had no jurisdiction absent this certification. Because CMC need not repay the employees, or obtain their consent, until the Court of Federal Claims evaluates CMC's claim, this court reverses and remands.

## BACKGROUND

CMC is the successor in interest to a railroad that went bankrupt in 1977. During reorganization, the railroad's employees agreed to wage concessions in return for proceeds from any sale of the railroad's assets. CMC's predecessor sold the assets in 1985. Some eight thousand employees received their share of the proceeds in distributions in 1985 and 1986.

CMC or its predecessor paid taxes on both distributions under the Railroad Retirement Tax Act (RRTA), I.R.C. §§ 3201–3233 (1988 & Supp. V 1993). RRTA tax is similar to the tax imposed by the Federal Insurance Contributions Act (FICA), I.R.C. §§ 3101–3128 (1988 & Supp. V 1993). RRTA tax is an employment excise tax on the employer and the employee. The employer pays both portions, withholding the employee's portion from his wages. I.R.C. §§ 3201, 3202(a), 3221 (1988 & Supp. V 1993). CMC paid RRTA taxes on the distributions totalling $7.5 million on its own behalf and $3.6 million on behalf of the employees.

Later, CMC decided that it was no longer an RRTA "employer" after the assets sale. CMC concluded that RRTA did not apply to the resulting distributions. CMC filed a refund claim with the Internal Revenue Service (IRS) in 1988 for both its and the employees' portions of the RRTA payments. CMC did not repay the employees or obtain their consent before filing the claim.

The IRS did not act on CMC's claim. In 1992, CMC filed a refund suit in the Court of Federal Claims. That court dismissed for lack of subject matter jurisdiction. *Chicago Milwaukee Corp. v. United States,* 29 Fed.Cl. 777 (1993). CMC appeals.

## DISCUSSION

This court reviews a dismissal for lack of subject matter jurisdiction *de novo. Booth v. United States,* 990 F.2d 617, 619 (Fed.Cir. 1993).

### I.

CMC brought suit under I.R.C. § 7422(a) (1988). Section 7422(a) waives the United States' sovereign immunity from refund suits, *United States v. Michel,* 282 U.S. 656, 658, 51 S.Ct. 284, 285, 75 L.Ed. 598 (1931), provided the taxpayer has previously filed a qualifying administrative refund claim. To qualify, the refund claim must accord with "the provisions of law [regarding refund claims], and the [Treasury] regulations ... established in pursuance thereof." I.R.C. § 7422(a).

Section 7422(a) thus imposes, as a jurisdictional prerequisite to a refund suit, filing a refund claim with the IRS that complies with IRS regulations. *Burlington Northern, Inc. v. United States,* 684 F.2d 866, 868 (Ct.Cl.1982). For example, the refund claim must detail each claimed ground for a refund, and provide sufficient facts to

apprise the IRS of its basis. Treas.Reg. § 301.6402–2(b)(1) (1994). *See, e.g., Boyd v. United States,* 762 F.2d 1369, 1371–72 (9th Cir.1985) (rejecting refund claim that did not adequately apprise IRS of basis for claimed deduction of gambling expenses).

## II.

■ The question in this case is whether Treas.Reg. § 31.6402(a)–2(a)(2) (1994) imposes a jurisdictional requirement under I.R.C. § 7422(a). The regulation provides:

> Every [administrative] claim filed by an employer for refund or credit of [RRTA] tax ... collected from an employee shall include a statement that the employer has repaid the tax to such employee or has secured the written consent of such employee to allowance of the refund....

Section 31.6402(a)–2(a)(2). This regulation requires an employer seeking a refund of the employee portion of RRTA taxes to certify employee repayment or consent.

Section 31.6402(a)–2(a)(2) does not, however, impose a deadline for certification. The regulation specifies that the claim "shall include" certification, but the regulation does not specify when the employer must provide the certification. On its face, the regulation neither requires nor prohibits including the certification at the time of filing.

Section 31.6402(a)–2(a)(2) does not indicate whether the refund claim must include the certification when filed, or whether the employer may provide certification after filing. If certification need not accompany the claim when filed, then section 31.6402(a)–2(a)(2) does not impose a jurisdictional filing requirement under section 7422(a).

This court's predecessor construed section 7422(a) as a notice provision, suggesting that section 31.6402(a)–2(a)(2) certification need not accompany the refund claim when filed. *Burlington,* 684 F.2d at 868–69. In *Burlington,* the Court of Claims held that section 7422(a) requires only that the taxpayer provide fair notice of his asserted grounds for a refund. The purpose of jurisdictional requirements imposed by regulation under section 7422(a) is "to prevent surprise and to give adequate notice" to the IRS. *Id.* at 868;

*Boyd,* 762 F.2d at 1371. "If a claim fairly apprises the [IRS] of the ground on which recovery is sought, then the claim is adequate for the purposes of bringing suit under section 7422(a)." *Burlington,* 684 F.2d at 869.

*Burlington* militates against treating section 31.6402(a)–2(a)(2) as imposing a jurisdictional requirement. Whether an employer has repaid the employee portion or obtained consent provides no information about whether an overpayment of RRTA taxes in fact occurred. Thus, certification of repayment or consent plays no part in "fairly appris[ing] the [IRS] of the ground on which recovery is sought." *Burlington,* 684 F.2d at 869. If a party submits the certification after filing, it will not surprise the IRS as to the basis for the claim. *Id.* at 868. Treating section 31.6402(a)–2(a)(2) as jurisdictional thus would not advance the policies expressed in section 7422(a).

## III.

This court's predecessor held that a statute imposing a similar certification requirement did not require certification on claim filing. *IBM v. United States,* 343 F.2d 914, 915–18 (Ct.Cl.1965), *cert. denied,* 382 U.S. 1028, 86 S.Ct. 647, 15 L.Ed.2d 540 (1966). In *IBM,* the government levied an excise tax on computer sales. IBM filed a refund claim with the IRS, contending that the excise tax was invalid. However, IBM did not certify, under I.R.C. § 6416(a)(1)(C) (1988), that it had repaid the tax to the computer purchasers or obtained their consent. Section 6416(a)(1)(C), like Treas.Reg. § 31.6402(a)–2(a)(2), requires certification, but does not indicate whether a claim must include certification when filed.

When IBM ultimately sued, the government moved to dismiss for lack of the required certification. The court refused to dismiss, because requiring certification on claim filing would impose substantial hardship without advancing the purpose of the certification requirement. *IBM,* 343 F.2d at 915–18.

This court's predecessor reasoned that the certification requirement prevents a manu-

facturer from reaping a windfall by recovering taxes already passed on to its vendee. *IBM*, 343 F.2d at 918. Compliance at any time before the refund issues would meet this purpose:

> For this end, the important moment would be the time of actual refund, not the institution of the action. ... No meaningful interest would be advanced ... by a technical demand that the consents which are to be recognized must all have been collected at the time of suit or when the cause of action first accrued.

*Id.* (emphasis added). The Court of Claims thus found no reason to impose an earlier deadline for certification of repayment or consent than "the time of actual refund." *Id.*

This court's predecessor did find good reasons not to impose an earlier deadline:

> In this case, for example, there are upwards of 3,000 separate customers to whom taxpayer passed on the tax during the critical years. It is sensible to insist that, if plaintiff wins, no refund for any particular tax be given until the necessary consent is filed, but *it is less sensible to demand that the taxpayer undertake the burden of gathering all the consents before the tribunal has even had a chance to decide whether there can be any recovery at all.*

*IBM*, 343 F.2d at 918 (emphasis added). Requiring certification of repayment or consent when a taxpayer files a refund claim would impose a heavy burden, discouraging pursuit of an uncertain refund. This court detects no justification for imposing such a burden. Indeed, *IBM* noted that even the IRS "has already accepted the position we adopt." *Id.* (citing Rev.Rul. 58–563, 1958–2 Cum.Bull. 892, 893).

Although I.R.C. § 6416(a)(1)(C) and Treas. Reg. § 31.6402(a)–2(a)(2) are not identical in phrasing, the basic thrust of the court's view in *IBM* controls here as well.

### IV.

The IRS has stated that it views the specific certification requirement at issue here as non-jurisdictional. IRS General Counsel Memorandum (GCM) 38,786, 1981 IRS GCM LEXIS 22 (Aug. 13, 1981). GCM's "function as a body of 'working law'" within the IRS. *Taxation with Representation Fund v. IRS*, 646 F.2d 666, 683 (D.C.Cir.1981). GCM 38,-786 addresses an employer refund claim for overpayment of the employer and employee portions of FICA taxes. FICA taxes, like RRTA taxes, are subject to section 31.6402(a)–2(a)(2). GCM 38,786, 1981 IRS GCM LEXIS 22, at *6–7. A counsel in an IRS regional office suggested rejecting the claim for failure to include certification of employee repayment or consent. *Id.* at *19–20.

The IRS General Counsel instead held that employers need not provide certification when filing. *Id.* at *26. The General Counsel noted that certification is "merely supporting evidence, which does not have to accompany the claim but which must be presented to the [IRS] before the [IRS] can actually issue a refund." *Id.* at *20. The General Counsel recognized, consistent with *Burlington*, that "a claimant cannot be deprived of his substantive rights if he familiarizes the Service with the essence of his claim." *Id.* at *24 (citing IRS GCM 31,499 (Jan. 28, 1960)). The General Counsel concluded:

> [A] claim for refund of overpaid FICA taxes is a valid claim even though at the time the claim is filed the employer has not made any effort to repay or reimburse the employees for the amount of overcollected tax or to secure the employees' consents to the allowance of a refund to the employer.

*Id.* at *26.

### V.

The Court of Federal Claims erred by dismissing CMC's claim. Requiring CMC to compensate eight thousand former employees, or secure their consent, before filing a refund claim imposes a harsh burden without good reason. CMC may demonstrate compliance with section 31.6402(a)–2(a)(2) after the Court of Federal Claims determines whether CMC is a railroad "employer."

CMC may proceed with its suit for a refund of the employer and employee portions of RRTA taxes. Accordingly, this court does

not reach whether an employer may claim a refund of the employer portion alone.

## CONCLUSION

An employer need not repay its employees or secure their consent before claiming a refund for overpayment of the employee portion of RRTA taxes. On remand, the Court of Federal Claims will have the opportunity to address the merits of CMC's claim before requiring compliance with Treas.Reg. § 31.6402(a)–2(a)(2).

## COSTS

Each party shall bear its own costs.

*REVERSED AND REMANDED.*