NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5144

BROWNING-FERRIS INDUSTRIES, INC.
& SUBSIDIARIES,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

Philip Karter, Chamberlain, Hrdlicka, White, Williams & Martin, of West Conshohocken, Pennsylvania, argued for plaintiff-appellee. With him on the brief were Herbert Odell and Jonathan M. Prokup.

Deborah K. Snyder, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant. With her on the brief were Nathan J. Hochman, Assistant Attorney General; Richard T. Morrison, Deputy Assistant Attorney General; Gilbert S. Rothenberg and Robert W. Metzler, Attorneys; and Donald L. Korb, Chief Counsel, Internal Revenue Service, of Washington, DC.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5144

BROWNING-FERRIS INDUSTRIES, INC.
& SUBSIDIARIES,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

Appeal from the United States Court of Federal Claims in 05-CV-738,
Judge Thomas C. Wheeler.

_____

DECIDED:  April 16, 2008

_____

Before GAJARSA, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

This is a tax case.  The United States appeals from the final decision of the United States Court of Federal Claims holding that, pursuant to a particular Treasury Regulation, Browning-Ferris Industries, Inc. ("Inc.") is deemed to have liquidated on December 31, 2004, and thus liquidated no longer qualified to act as the proper agent for a consolidated group of subsidiary companies for which it, before the deemed liquidation, had been the common parent.  Browning-Ferris Indus., Inc. v. United States, 75 Fed. Cl. 591 (2007).  We reverse and remand.

I

The parties know the facts of this case, which thus need not be recited in any detail for purposes of this opinion. In a nutshell, Inc. filed a tax refund suit in the Court of Federal Claims. The court's jurisdiction over such a suit depends on there having first been a proper request for refund filed by the plaintiff and denied by the government. 26 U.S.C. § 7422(a); Chicago Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994). After the suit was filed by Inc., its counsel explored the consequences, for tax refund filing purposes, of Inc.'s conversion on December 31, 2004, to a limited liability company ("LLC") under Delaware law.

II

Under settled law, a company that ceases to exist may not act as agent for a consolidated group. Interlake Corp. v. Comm'r of Internal Revenue, 112 T.C. 103, 114 (1999) ("Of course, if the common parent ceases to exist, its authority to act for the group terminates."). Under the Delaware statute pursuant to which Inc. converted to LLC, "conversion shall not constitute dissolution of the corporation." 8 Del. C. § 266(f). Thus, Inc. continued to exist under Delaware law after its conversion to LLC.

Inc.'s counsel before the Court of Federal Claims was concerned, however, that under a particular Treasury regulation, Inc. was, for tax refund filing purposes, deemed liquidated as a result of its conversion to LLC. Since Inc.'s refund filings for the 1997 and 1998 tax years had been filed in Inc.'s name after its December 31, 2004, conversion, counsel opined that the hypothetical event of deemed liquidation deprived Inc. of its standing to file for refunds for those two tax years. Lacking proper standing, Inc. would not have presented a proper request for refunds, and consequently the

predicate for jurisdiction in the Court of Federal Claims would not be met. Concerned that the Court of Federal Claims might lack jurisdiction over its refund suit, Inc. moved for voluntary dismissal without prejudice.

III

In order for Inc.'s motion to dismiss to succeed, Inc. had to convince the Court of Federal Claims that Inc. ceased to exist before the refund claims for 1997 and 1998 were filed. Because Inc. continued to exist under Delaware law after its conversion to LLC, Inc.'s failure to exist had to be demonstrated under federal tax law.

The only federal tax authority presented to the court to support the claim that Inc. ceased to exist after its conversion is Treas. Reg. §301.7701-3(g)(1)(iii). That particular regulation deals with a very precise situation, namely conversion of an association to a disregarded entity:

> (iii) Association to disregarded entity. If an eligible entity classified as an association elects under paragraph (c)(1)(i) of this section to be disregarded as an entity separate from its owner, the following is deemed to occur: The association distributes all of its assets and liabilities to its single owner in liquidation of the association.

The Court of Federal Claims believed that this regulation applied to the facts of this case, and that Inc.'s conversion to a limited liability company triggered the deemed liquidation of Inc.

IV

At oral argument of this appeal, it became apparent that the above regulation does not apply to the facts of this case. Inc. is a corporation, not an "eligible entity" as defined in the pertinent regulation. Even if Inc. became an eligible entity when it converted to LLC, it was never an "eligible entity classified as an association."

Moreover, neither Inc. nor LLC ever made any election under paragraph (c)(1)(i) of Treas. Reg. §301-7701-3. Counsel for Inc. could point to no other source of federal tax law that might support the contention that Inc. ceased to exist for the purpose of filing for tax refunds for years before Inc.'s conversion to LLC. Nor did counsel assert that Inc. had made an election under paragraph (c)(1)(i), which requires the election of an eligible entity to be disregarded to be made on Form 8832 and filed with the service center designated on Form 8832. As noted, no such election had been made.

The Court of Federal Claims erred in its belief that the above-cited deemed liquidation regulation applies to the facts of this case. It does not, and in the absence of any other authority cited to produce the hypothetical demise of Inc. for purposes of filing the tax refund requests for 1997 and 1998, we must reverse the ruling that Inc. ceased to exist as of the date of its conversion to LLC.

Inc., not having been shown to lack standing to have filed the two identified refund requests, passes jurisdictional muster with its tax refund case in the Court of Federal Claims. The order dismissing the complaint is reversed. The case is remanded for further proceedings.

COSTS

No costs.