**Kazadi Big MUSUNGAYI, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 08–548T.

United States Court of Federal Claims.

Feb. 27, 2009.

Kazadi Big Musungayi, Tulsa, OK, pro se.

Frederick C. Crombie, United States Department of Justice, Washington, DC, for defendant.

## *OPINION*

SWEENEY, Judge.

Before the court in the above-captioned case are plaintiff's application to proceed *in forma pauperis* and defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff, in his *pro se* complaint, seeks a refund of income taxes paid in tax year 1992.[1] The court grants plaintiff's meritorious application to proceed *in forma pauperis*. However, because plaintiff's refund claim is untimely, the court must dismiss plaintiff's complaint for lack of jurisdiction.

## I. BACKGROUND[2]

On November 27, 2006, plaintiff wrote a letter to the Internal Revenue Service ("IRS") to "initiate the procedure" to file his income tax return for 1992 and recover any overpayments of income tax for that year. Compl. Ex. 1. Plaintiff explained that from September 1992 to July 1993, he was "stuck"

in Kinshasa, the capital of what is now known as the Democratic Republic of the Congo, due to "ongoing political turmoil." *Id.; accord* Ex. A (containing correspondence related to plaintiff's time in Kinshasa). He then indicated that upon his return to the United States, he became involved in a dispute with the IRS over his 1991 tax return that lasted until 1997. Compl. Ex. 1. This dispute, plaintiff then explained, was followed by another dispute with the IRS concerning his right to claim the earned income credit, which was ultimately resolved in 1999. *Id.* Plaintiff claimed that these disputes with the IRS distracted him from filing his 1992 income tax return. *Id.*

Plaintiff and his wife eventually filed a joint income tax return for the 1992 tax year on July 11, 2007, claiming an adjusted gross income of $7,140.00, a tax liability of $0, federal income tax withholding of $439.89, an earned income credit of $1,671.00, and an overpayment of income tax of $2,110.89. *Id.* at 3–7, 11. Accordingly, plaintiff and his wife sought a refund of their overpayment. *Id.* at 4. On September 10, 2007, the IRS notified plaintiff and his wife that they had made an error on their 1992 income tax return and that the proper amount of their overpayment was $1,750.89. *Id.* at 12. Then, one month later, on October 15, 2007, the IRS sent plaintiff and his wife a letter informing them that it had disallowed their claim for a refund for the 1992 tax year, explaining that claims for refunds must be submitted to the IRS within three years of the date on which the income tax return was due and, therefore, their claim was time-barred. *Id.* at 11.

Plaintiff administratively appealed the decision of the IRS in a November 6, 2007 letter. *Id.* at 10. Specifically, plaintiff wrote: "By the present letter, I appeal against your decision to disallow my 1992

---

1. *Pro se* complaints, " 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

2. The court derives the facts in this section from the complaint ("Compl."), the documents attached to the complaint ("Compl. Ex."), and exhibit A to defendant's reply brief ("Ex. A"). Because the documents attached to plaintiff's complaint are unnumbered, the court has assigned sequential page numbers to the documents, from one to fifteen, for ease of reference.

overpayment on the basis of time factor, especially due to the paupery of my situation and the lack of education regarding tax-filing clauses, because I have bills to pay for, and I need the money." *Id.* In a February 12, 2008 letter, an IRS appeals officer explained to plaintiff and his wife in more detail why their claim for refund was time-barred. *Id.* at 13–14. Then, in a March 5, 2008 letter, the appeals officer officially denied plaintiff and his wife's appeal and informed them of their right to bring suit in this court. *Id.* at 15.

In the instant complaint, filed on July 29, 2008, plaintiff seeks a refund of his and his wife's overpayment of taxes for tax year 1992 in the amount of either $2,110.89 or $1,750.89.[3] Compl. ¶ 3. Plaintiff concedes that the refund claim is untimely, but urges the court to take under consideration the fact that he is presently burdened with his federal student loan and various other bills. *Id.* ¶¶ 2–3.

## II. DISCUSSION

### A. RCFC 12(b)(1) Motion to Dismiss

In ruling on a motion to dismiss, the court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). However, plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). The court may look to evidence outside of the pleadings to determine the existence of subject matter jurisdiction. *Land v. Dollar*, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Reynolds*, 846 F.2d at 747. If the court concludes that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Subject Matter Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The parties or the court sua *sponte* may challenge the court's subject matter jurisdiction at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

The ability of this court to hear and decide suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Congress has explicitly waived sovereign immunity for tax refund suits. 26 U.S.C. § 7422 (2006); 28 U.S.C. § 1346(a)(1) (2006); *Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed.Cir.1994). However, the jurisdiction of the United States Court of Federal Claims to entertain tax refund suits is limited to those situations where the taxpayer has complied with the provisions of the Internal Revenue Code. *See* 26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, — U.S. ——, 128 S.Ct. 1511, 1514, 170 L.Ed.2d 392 (2008); *Chi. Milwaukee Corp.*, 40 F.3d at 374.

### C. Internal Revenue Code

In order to maintain a lawsuit for the refund of an overpayment of taxes, a taxpayer must have filed a claim for refund with the IRS. Section 7422 of the Internal Revenue Code provides:

---

**3.** Although Mr. and Mrs. Musungayi filed a joint income tax return for tax year 1992, Compl. Ex.

3, the sole plaintiff named in the complaint is Mr. Musungayi.

No suit or proceeding shall be maintained in any court for the recovery of . . . any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). To be "duly filed," a taxpayer's claim for a refund must meet the requirements set forth in section 6511 of the Internal Revenue Code. Section 6511 contains both a limitation on the amount of time in which a taxpayer can file a claim for refund and a ceiling on the amount of money that a taxpayer may recover with a claim for refund.

The time limitation set forth in section 6511(a) provides that a taxpayer is required to file a claim for refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." *Id.* § 6511(a). Because an original income tax return that discloses the amount of overpayment constitutes a claim for refund, a taxpayer who has filed such a tax return has satisfied the three-year filing requirement of section 6511(a). *See* 26 C.F.R. § 301.6402–3(a)(5) (2008).

█ The recovery ceiling set forth in section 6511(b) provides, in relevant part, that a taxpayer who has satisfied the three-year filing requirement of section 6511(a) may only recover an overpayment of taxes in an amount equal to the "portion of the tax paid" during the three-year period prior to the claim for refund ("three-year look-back period"). 26 U.S.C. § 6511(b)(2)(A). Section 6513 of the Internal Revenue Code defines what constitutes a "tax paid" and establishes when those taxes are deemed to have been paid. For example, taxes withheld by an employer from a taxpayer's wages during a particular tax year are "deemed to have been paid by [the taxpayer] on the 15th day of the fourth month following the close of his taxable year," *id.* § 6513(b)(1), *i.e.*, the filing

deadline for that year, *id.* § 6072(a). In addition, "amounts refundable by operation of the [earned income credit] are deemed paid" by the same date. *Israel v. United States*, 356 F.3d 221, 225 (2d Cir.2004) (adopting a "logical and consistent reading" of 26 U.S.C. §§ 6511(b)(2)(A), 6513(b)); *accord Ellis v. United States*, 229 Ct.Cl. 814, 815 (1982); *McLeod v. United States*, 229 Ct.Cl. 810, 811 (1982).

Section 6511 provides only one basis for which the time periods prescribed in sections 6511(a) and 6511(b) may be suspended: financial disability. *See* 26 U.S.C. § 6511(h)(1) (providing that "the running of the periods in" sections 6511(a) and 6511(b) "shall be suspended during period of such individual's life that such individual is financially disabled"). An individual is financially disabled if he "is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 6511(h)(2)(A).

### D. Plaintiff's Complaint Is Time–Barred

Plaintiff and his wife filed their original tax return for the 1992 tax year on July 11, 2007. Compl. Ex. 11. Their tax return also constituted their claim for refund. *See* 26 C.F.R. § 301.6402–3(a)(5). Pursuant to section 6511(b)(2)(A) of the Internal Revenue Code, plaintiff and his wife are entitled to a refund of the payments that they made for the 1992 tax year only if they made those payments within the three-year period prior to filing their claim for refund. The $439.89 withheld from plaintiff's wages by his employer is deemed to have been paid on April 15, 1993. *See* 26 U.S.C. § 6513(b)(1). The $1,671.00 plaintiff and his wife claim as an earned income credit is also deemed to have been paid on April 15, 1993. *See Israel*, 356 F.3d at 225; *Ellis*, 229 Ct.Cl. at 815; *McLeod*, 229 Ct.Cl. at 811. In sum, because plaintiff and his wife are deemed to have made all of their payments for the 1992 tax year on April 15, 1993—more than three years prior to the date that they filed their

claim for refund, *i.e.*, July 11, 2007—their claim for refund is time-barred.

Although plaintiff acknowledges that his complaint is untimely, Compl. ¶ 2, he believes that the court should suspend the applicable statutory time periods in his case, *id.* ¶ 3; Resp. Mot. Dismiss ¶ 2. Specifically, plaintiff believes that a suspension is appropriate for the following reasons: (1) the political turmoil in Kinshasa during his residence there, Compl. Ex. 1; Ex. A; (2) his disputes with the IRS concerning his 1991 tax return and the earned income credit, Compl. Ex. 1; and (3) his unfamiliarity with the Internal Revenue Code, Compl. Ex. 10. Plaintiff also identifies two reasons why the court should exercise its discretion to allow the refund claim: (1) his demonstrated need for the money that the refund would provide him, *id.*; Compl., and (2) the fact that "the recent economic crisis has allowed the government to use such power to justify relying on a stimulus package in order to help out hurting middle-class workers," Resp. Mot. Dismiss ¶ 2.

While the court is sympathetic to plaintiff's plight, none of the reasons that he proffered is sufficient to suspend the time periods set forth in sections 6511(a) and 6511(b). Indeed, as noted above, section 6511 specifically provides that suspension is appropriate only when a taxpayer is financially disabled. *See* 26 U.S.C. § 6511(h). Plaintiff has not alleged that he is financially disabled; nor has plaintiff described any mental or physical disability that would constitute a financial disability. *See id.* § 6511(h)(2)(A). Moreover, the court lacks any discretion to suspend the time periods for a reason other than financial disability. *See United States v. Brockamp*, 519 U.S. 347, 350–54, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (holding that the time periods in section 6511 cannot be equitably tolled).

Ultimately, plaintiff misunderstands the application of the time limitations set forth in sections 6511(a) and 6511(b) when he exhorts the court to "overrule[ ]" the "arbitrary" deadlines. *See* Resp. Mot. Dismiss ¶ 2. Although plaintiff is correct that the time limitations may work a hardship in his case, *see id.*; Compl. ¶ 3; Compl. Ex. 1, he is incorrect that the court can use its "discretionary power" to ignore the time limitations, *see* Resp. Mot. Dismiss ¶ 2. A court cannot, at will, disregard a statutory limitation period. To do so is tantamount to the court sitting as a super-legislature, engrafting a new exception to a limitation period and supplanting the will of Congress. Unless Congress specifically sets forth a provision that permits the tolling or suspension of a limitation period, a court is duty-bound to apply the time limitation specified by Congress, no matter how unfair or harsh the result. No court relishes fulfilling its solemn obligation to apply the law when it leads to seemingly unjust results, but a court is obligated to apply the law as written. Consequently, any remedy available to plaintiff and his wife lies in the halls of Congress, not in this court.

In sum, the court must apply the three-year look-back period of section 6511(b)(2)(A) to plaintiff's complaint seeking a refund and dismiss plaintiff's complaint as time-barred.

### III. CONCLUSION

For the reasons set forth above, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of jurisdiction. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**