Victoria Lynn MURDOCK, trustee of the John S. Murdock Inter Vivos Trust, Plaintiff,

v.

UNITED STATES, Defendant.

No. 11–326T.

United States Court of Federal Claims.

Feb. 9, 2012.

---

Victoria Lynn Murdock, pro se, Eagle Rock, California.

Mark A. Ryan, Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were John A. DiCicco, Principal Deputy Assistant Attorney General, Tax Division, and Mary M. Abate, Acting Chief, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff Victoria Lynn Murdock, trustee of the John S. Murdock Inter Vivos Trust, seeks the refund of $3,973 in taxes allegedly overpaid by Mr. Murdock for tax years 2001 through 2004. The United States ("the government") has moved to dismiss the complaint as untimely, contending that 26 U.S.C. ("I.R.C.") § 6511(b)(2) precludes any recovery. Ms. Murdock responds that the tolling provision of I.R.C. § 6511(h) applies, preserving the viability of her suit. After briefing and a hearing, the government's motion is ready for disposition.

## BACKGROUND

John S. Murdock died on May 4, 2006 at the age of 90. Compl. ¶ 4. His daughter, Victoria Lynn Murdock, was appointed trustee of the "John S. Murdock Inter [V]ivos Trust" by the Los Angeles Superior Court on December 30, 2008. Def.'s Mot. to Dismiss ("Def.'s Mot.") Ex. 1. Soon after, in January 2009, Ms. Murdock discovered that her father had failed to file returns for tax years 2001 through 2006. Compl. ¶¶ 17, 35, 38. The Internal Revenue Service ("IRS") had withheld income tax from Mr. Murdock's pension disbursements for each of those years. See Hr'g Tr. 33:2–13 (Jan. 24, 2012); [1] see, e.g., Def.'s Mot. Ex. 2, at A4. Ms. Murdock alleges that her father's failure to file returns was attributable to his advanced age, medical ailments, and alcoholism. Compl. ¶¶ 14, 21.[2] Thereafter, in September 2009,

---

1. The date of the hearing, January 24, 2012, will be omitted from all further citations to the hearing transcript.

2. Mr. Murdock had been a California court reporter for years, but was 85 years old in 2001 and was in failing health. Hr'g Tr. 33:14 to 34:16.

Ms. Murdock filed returns on behalf of her father for the pertinent years. Compl. ¶ 18. The returns for tax years 2001 through 2004 requested refunds totaling $3,973. Compl. ¶ 38.

The IRS denied the refunds and thereafter also denied an appeal on the ground that the refund request was untimely under I.R.C. § 6511. Compl. ¶ 39. On May 20, 2011, Ms. Murdock brought suit in this court. Ms. Murdock contends that that her refund requests are timely because her father's disabilities served to toll the time limitations on returns and refund requests set out in I.R.C. § 6511. *See* Compl. ¶ 40; Compl. Prayer for Relief ¶¶ 1–3. The government disagrees and has moved under Rules 12(b)(1) and 12(b)(6) of the Rules of the U.S. Court of Federal Claims ("RCFC") to dismiss Ms. Murdock's complaint as untimely.

## STANDARDS FOR DECISION

### A. Tax–Refund Suits

■ The provisions governing the jurisdiction and timing of tax-refund suits are "not simple." *United States v. Brockamp,* 519 U.S. 347, 350, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), *superseded in part by statute, i.e.,* the Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105–206, § 3202, 112 Stat. 685, 740–41, *as recognized in Brosi v. Commissioner,* 120 T.C. 5, 12 n. 6 (2003). The Tucker Act, 28 U.S.C. § 1491(a)(1), grants this court jurisdiction over tax-refund claims. *See, e.g., Ledford v. United States,* 297 F.3d 1378, 1382 (Fed.Cir. 2002). However, any request for a refund must first be filed with the IRS, *see* I.R.C. § 7422(a), and, if the requested refund is denied, a suit for the refund must be brought within two years after the denial under I.R.C. § 6532(a)(1).[3]

In addition, the court's ability to award relief is limited by I.R.C. § 6511. *See United States v. Clintwood Elkhorn Mining Co.,* 553 U.S. 1, 7–8, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008) (holding that the time limits in

I.R.C. § 6511 apply to all claims for tax refunds in the Court of Federal Claims). Section 6511 contains two sets of provisions related to timeliness. First, the Section contains a filing deadline specifying that unless a "[c]laim ... [is] filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later," I.R.C. § 6511(a), "[n]o credit or refund [of an overpayment of any tax] shall be allowed," I.R.C. § 6511(b)(1). Second, the Section contains two "look-back periods" which limit recovery. If a claim is filed within 3 years from the time the return was filed, "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years." I.R.C. § 6511(b)(2)(A). If a claim is not filed within that 3–year period, "the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." I.R.C. § 6511(b)(2)(B); *see also Commissioner v. Lundy,* 516 U.S. 235, 240, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996), *superseded by statute on other grounds as recognized in Healer v. Commissioner,* 115 T.C. 316, 320 (2000).

The two timing components of Section 6511 work together. I.R.C. §§ 6511(a) and 6511(b)(1) require only that a taxpayer bring a claim within three years of filing a return or two years of paying the tax, regardless of the return's actual due date. *See VanCanagan v. United States,* 231 F.3d 1349, 1351 (Fed.Cir.2000); *Wertz v. United States,* 51 Fed.Cl. 443, 446 (2002) (citing *McGregor v. United States,* 225 Ct.Cl. 566, 1980 WL 99644 (1980)); *see also Oropallo v. United States,* 994 F.2d 25, 30 (1st Cir.1993) ("[S]ection 6511(a) would 'permit a taxpayer to file a tax return 40 years late and still have 3 additional years in which to file a claim for refund.'" (quoting *Mills v. United States,* 805 F.Supp. 448, 451 (E.D.Tex.1992))). The look-back provisions of I.R.C. § 6511(b)(2), however, limit refunds to taxes paid within the perti-

---

3. I.R.C. § 6532(a)(1) provides:
 No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after

the expiration of 2 years from the date of mailing ... by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

nent look-back window. *See Baral v. United States,* 528 U.S. 431, 436, 120 S.Ct. 1006, 145 L.Ed.2d 949 (2000) ("Because [no taxes] were 'paid' within the look-back period ... the ceiling on [petitioner's] requested credit of $1,175 is zero."); *Minehan v. United States,* 75 Fed.Cl. 249, 254 n. 7 (2007).[4]

## B. *Motions to Dismiss*

■ The government has not specified whether it seeks dismissal based upon RCFC 12(b)(1) (lack of subject matter jurisdiction) or RCFC 12(b)(6) (failure to state a claim upon which relief can be granted). The distinction may seem academic, especially in terms of the immediate effect in a case. Indeed, "[c]ourts frequently confuse or conflate the distinction between subject matter jurisdiction and the essential elements of a claim for relief." *Engage Learning, Inc. v. Salazar,* 660 F.3d 1346, 1353 (Fed.Cir.2011) (citing *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 503, 511, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Moden v. United States,* 404 F.3d 1335, 1340 (Fed.Cir.2005)); *see also Binder-up v. Pathe Exch. Inc.,* 263 U.S. 291, 307, 44 S.Ct. 96, 68 L.Ed. 308 (1923) ("There may be instances in which it is hard to say whether a law goes to the power or only to the duty of the court."). However, for two reasons, "[m]astering the distinction between a dismissal for lack of jurisdiction and a dismissal on the merits 'is not merely an intellectual exercise without practical utility.'" *Engage Learning,* 660 F.3d at 1355 (quoting *Do–Well Mach. Shop, Inc. v. United States,* 870 F.2d 637, 640 (Fed.Cir.1989)). First, a dismissal on the merits, unlike a dismissal for lack of jurisdiction, typically carries res judicata effect. *See id.* Second, disputed facts are reviewed differently under the two regimes. *See id.*

The Supreme Court and the Federal Circuit have not squarely addressed this issue as it pertains to I.R.C. § 6511(b)(2). The Supreme Court has twice dismissed suits under Section 6511 for lack of subject matter jurisdiction, but it did so in both instances in light of the provisions of Subsection 6511(a). In each case, the taxpayer had filed a claim more than three years after filing a return or more than two years after submitting a payment. *See Brockamp,* 519 U.S. at 348–49, 354, 117 S.Ct. 849 (1997);[5] *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *cf. Clintwood Elkhorn Mining,* 553 U.S. at 8–9, 14, 128 S.Ct. 1511. The Supreme Court has also dismissed for lack of subject matter jurisdiction a suit that had been filed in Tax Court, presenting circumstances similar to those of the instant case. There, however, the Supreme Court relied upon the Tax Court's unique jurisdictional scheme. *See Lundy,* 516 U.S. at 240–41 & n. 2, 245, 116 S.Ct. 647.[6] Additionally,

---

4. To recover taxes paid within the window, those payments must, of course, pertain to the tax year for which recovery is sought. *See Raimo v. United States,* 26 Cl.Ct. 226, 228 (1992).

5. The Supreme Court consolidated two cases for its opinion in *Brockamp* and said little about the circumstances of the two taxpayer-respondents. A timely return was filed for the first taxpayer in 1984 and the taxes due were paid on an installment basis in 1984 and 1985. *See Scott v. United States,* 795 F.Supp. 1028, 1029 (D.Haw.1992), *aff'd,* 70 F.3d 120 (9th Cir.1995), *rev'd sub nom. Brockamp,* 519 U.S. 347, 117 S.Ct. 849. He then filed a claim on November 28, 1989 to recover taxes paid for the 1984 tax year. *Id.* The second taxpayer involved sent a $7,000 check to the IRS on April 15, 1984 to pay his obligations for the 1983 tax year. *See Brockamp v. United States,* 859 F.Supp. 1283, 1287 & n. 3 (C.D.Cal.1994), *rev'd,* 67 F.3d 260 (9th Cir.1995), *rev'd,* 519 U.S. 347, 117 S.Ct. 849. On March 27, 1991, the administrator of the taxpayer's estate filed a request to recover the $7,000 as a refund. *Id.* For both taxpayers, then, the filing deadlines of Subsection 6511(a) had long since passed and equitable tolling was at issue on appeal.

6. In *Lundy,* the Court noted that in this court, unlike the Tax Court, it is the filing deadlines, not the look-back periods, of Section 6511 that are jurisdictional: "[u]nlike the provisions governing refund suits in ... [the] Court of Federal Claims, which make timely filing of a refund claim a jurisdictional prerequisite to bringing suit, the restrictions governing the Tax Court's authority to award a refund of overpaid taxes incorporate *only the look-back period and not the filing deadline from § 6511." Lundy,* 516 U.S. at 240, 116 S.Ct. 647 (emphasis added) (citations omitted). The Court applied the Tax Court's jurisdictional statute, not the ones pertinent to this court. *See id.* at 240–41 & n. 2, 116 S.Ct. 647. The Tax Court is granted "jurisdiction to determine ... overpayment[s]" "[e]xcept as provided by [I.R.C. § 6512(b)(3)]." I.R.C. § 6512(b)(1). I.R.C. § 6512(b)(3), in turn, limits Tax Court awards to those taxes paid "within the period which would be applicable under [I.R.C. § 6511(b)(2)]." Thus, the Tax Court's jurisdiction is made expressly

in *Baral*, the Supreme Court merely held that, for purposes of the look-back periods in I.R.C. § 6511(b)(2)(A), withheld taxes are deemed paid on April 15 of the following year. *See Baral*, 528 U.S. at 435–36, 120 S.Ct. 1006.[7]

Decisions by judges of this court have diverged over consideration of motions to dismiss tax-refund suits when the government contends recovery is precluded by I.R.C. § 6511(b)(2). In some instances, the issue has been treated as bearing on subject matter jurisdiction. *See Plati v. United States*, 99 Fed.Cl. 634, 639 (2011); *Doyle v. United States*, 88 Fed.Cl. 314, 322 (2009); *Musungayi v. United States*, 86 Fed.Cl. 121, 125 (2009). In other cases, the matter has been treated as relating to whether the claim should be dismissed for failure to state a claim upon which relief can be granted. *See Wertz*, 51 Fed.Cl. at 447; *Rinaldi v. United States*, 30 Fed.Cl. 164, 165 n. 2 (1993).

■ The better view is that a defense based upon I.R.C. § 6511(b)(2) should be considered as a motion for dismissal for failure to state a claim. This understanding of I.R.C. § 6511(b)(2) stems from established principles of juridical power, which distinguish between a court's ability to hear a case and to provide relief. As the Supreme Court has noted, jurisdiction "is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could *actually recover*. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (emphasis added). Or, as stated recently by the Federal Circuit:

> To the extent a successful claim against the government requires compliance with all statutory elements of the claim, failure of proof of an element of the cause of action means the petitioner is not entitled to the relief he seeks. To conclude in such a case that the petitioner loses because the forum is "without jurisdiction" is to obscure the nature of the defect. It would be more accurate to conclude that the petitioner has failed to prove the necessary elements of a cause for which relief could be granted.

*Engage Learning*, 660 F.3d at 1354 (quoting *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 687 (Fed.Cir.1992)). In short, the question of whether a plaintiff can "actually recover" is one of relief. A statute capping a plaintiff's recovery, even at zero dollars, does not strip a court of otherwise proper jurisdiction. "If it did, the only cases decided on the merits would hold for victorious plaintiffs." *Do–Well Mach. Shop*, 870 F.2d at 639; *cf. Binderup*, 263 U.S. at 306, 44 S.Ct. 96 ("Jurisdiction is authority to decide the case either way. Unsuccessful as well as successful suits may be brought upon the act, and a decision that a patent is bad, whether on the facts or the law, is as binding as one that it is good." (quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913))).

Turning to I.R.C. § 6511 in light of these principles, the statute's text distinguishes between jurisdictional filing requirements and substantive limitations on recovery. Subsection 6511(b)(2) mandates a "[*l*]*imit on amount* of credit or refund." *Id.* (emphasis added) (caption). Thus, it constrains the tax that is recoverable, *Baral*, 528 U.S. at 432, 120 S.Ct. 1006, but does not have the effect of a traditional jurisdictional bar. As explained in *Oropallo:*

> Essentially, then, [S]ection 6511(a) serves simply to identify which taxpayers have

---

conditional on its ability to award refunds under I.R.C. § 6511(b)(2). No such condition applies to suits for refunds brought in this court or in district courts.

7. The only Federal Circuit decision even tangentially on point is *Dumont v. United States*, 345 Fed.Appx. 586 (Fed.Cir.2009). As an unpublished opinion, *Dumont* is not binding authority. *See* Fed. Cir. R. 32.1(d). Nonetheless, contrary to the government's arguments, *Dumont* rested

on I.R.C. § 6532(a)(1) because the taxpayer had filed suit before six months had expired from the date of the taxpayer's refund request. *Dumont*, 345 Fed.Appx. at 591–92. In the Federal Circuit's decision in *Dumont*, references to the look-back provisions of I.R.C. § 6511(b)(2)(A) constituted part of the statutory framework for the case and were not necessary to the court's ruling regarding subject matter jurisdiction.

properly positioned themselves to obtain a refund. . . . [H]owever, it does not describe which of those potential claimants will *actually succeed* in pursuing their rights. That task is left to [S]ection 6511(b)(2)(A), which, significantly, the tax code characterizes not as a limitations period, but as a "limit on [the] amount of credit or refund." *Oropallo*, 994 F.2d at 30 (last alteration in original) (emphasis added) (citing I.R.C. § 6511(b)(2)(A) (caption)); *see also Brockamp*, 519 U.S. at 352, 117 S.Ct. 849 (equitable tolling of I.R.C. § 6511 "would require tolling, not only procedural limitations, but also *substantive limitations on the amount of recovery* " (emphasis added)). The literal import of the words "failure to state a claim upon which relief can be granted," RCFC 12(b)(6), applies here. A claim meeting the filing requirements of Section 6511 is "properly positioned;" however, a court cannot grant relief when Subsection 6511(b)(2) applies to limit the amount recoverable to zero dollars.

 Accordingly, the court will treat the government's motion as one to dismiss for "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). Granting such a motion "is appropriate when the facts asserted by the claimant do not under the law entitle him [or her] to a remedy." *Perez v. United States*, 156 F.3d 1366, 1370 (Fed.Cir. 1998). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v.*

*United States*, 60 F.3d 795, 797 (Fed.Cir. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Catawba Indian Tribe of S.C. v. United States*, 982 F.2d 1564, 1568–69 (Fed.Cir.1993)).[8]

## ANALYSIS

The government concedes, for purposes of its motion, that Ms. Murdock's refund claim was properly filed under I.R.C. § 6511(a). *See* Def.'s Mot. at 4–5. This Subsection requires a taxpayer to file a "[c]laim for credit or refund of an overpayment of any tax . . . within 3 years from the time the return was filed." I.R.C. § 6511(a). The filing of a tax return reporting overpayments constitutes a simultaneous filing of such a claim. *See* 26 C.F.R. § 301.6402–3(a)(5); *VanCanagan*, 231 F.3d at 1351; *Wertz*, 51 Fed.Cl. at 446 (citing *McGregor*, 225 Ct.Cl. at 566). Ms. Murdock alleges that she filed her father's returns for tax years 2001 through 2004 in September 2009. Compl. ¶ 18. She also alleges that this was the first and only time tax returns for those years were filed. Compl. ¶¶ 17, 35. Accordingly, Ms. Murdock's refund claim is timely under I.R.C. § 6511(a) "because it was filed within three years of (actually, on the same date as) the filing of the return[s]." *VanCanagan*, 231 F.3d at 1351.

The parties differ, however, over whether Ms. Murdock could be entitled to recover any money. The government contends that I.R.C. § 6511(b)(2) precludes recovery because no payments for tax years 2001 through 2004 were made during the applicable look-back period. Ms. Murdock, via the tax returns, filed her refund claim in September 2009. That claim was timely under I.R.C. § 6511(a), so the look-back period is three years. I.R.C. § 6511(b)(2)(A). Thus, Ms. Murdock's recovery is limited to any tax overpayments made between September 2006 and September 2009. Unfortunately for Ms. Murdock, there is no allegation that any

8. In addition, when "considering the dismissal of a *pro se* complaint, [the court] hold[s] the pleading to 'less stringent standards than formal pleadings drafted by lawyers.' " *Johnson v. United States*, 411 Fed.Appx. 303, 305 (Fed.Cir.2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

such payments were made during that period. Instead, Ms. Murdock's father apparently paid his taxes through withholding years before. *See* Def.'s Mot. Exs. 2–5. Such withholding payments are deemed paid on April 15 of the following year. *See* I.R.C. § 6513(b)(1); *Baral*, 528 U.S. at 435, 120 S.Ct. 1006. Thus, Ms. Murdock's father is deemed to have paid his taxes for 2001 on April 15, 2002; his taxes for 2002 on April 15, 2003; his taxes for 2003 on April 15, 2004; and his taxes for 2004 on April 15, 2005. That last payment is still more than a year prior to the look-back period's opening date in September 2006.

■ In response to this problem, Ms. Murdock contends that the specific tolling provision set out at I.R.C. § 6511(h) applies.[9] In effect, what Ms. Murdock suggests is that the dates of her father's tax payments should be tolled until her discovery of his failure to file tax returns in January 2009. *See* Pl.'s Resp. to Def.'s Mot. at 2–3. If tolling were to apply in this fashion, then the payments would fall within the look-back period of September 2006 to September 2009 and Ms. Murdock would have the possibility of recovery.

The tolling provision in Subsection 6511(h) provides in pertinent part:

> In the case of an individual [taxpayer], *the running of the periods specified in [S]ubsections [6511](a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled* .... [A]n individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment ... which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

I.R.C. § 6511(h)(1)–(2)(A) (emphasis added). Mr. Murdock passed away on May 4, 2006. If Mr. Murdock were financially disabled from the time of his first tax payment on April 15, 2002, through his death on May 4, 2006—and Ms. Murdock's pleadings suggest very strongly that he was—then the constructive date of his tax payments would be May 4, 2006. Accordingly, any claim filed by May 4, 2009, would embrace those payments within its three-year look-back period. Ms. Murdock's claim, however, was filed in September 2009, still four months too late.

Undaunted, Ms. Murdock contends that the tolling period should extend beyond her father's death until the time she discovered the unfiled tax returns in January 2009.[10] As the statute specifies, however, the period of tolling may only "be suspended during any period of *such individual's life* that such individual is financially disabled." I.R.C. § 6511(h)(1) (emphasis added). That is to say, "the physical or mental impairment must be that of the taxpayer, not of some third person." *Brosi*, 120 T.C. at 10. Thus, if the financially disabled taxpayer is no longer alive, Subsection 6511(h) can no longer apply and the statutory clock must begin to run. *See United States v. Locke*, 471 U.S. 84, 93, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) ("[W]ith respect to filing deadlines a literal reading of Congress' words is generally the only proper reading of those words.").

Apart from Subsection 6511(h), the court is unable to toll the look-back period of Subsection 6511(b)(2)(A). This holds true even for someone who, like Ms. Murdock, acts promptly upon discovering a tax-related error. *See Dalm*, 494 U.S. at 609 n. 7, 110 S.Ct. 1361 ("That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar.");

---

9. Congress enacted I.R.C. § 6511(h) in response to the *Brockamp* decision, 519 U.S. 347, 117 S.Ct. 849, which held that Section 6511 was not subject to equitable tolling. *See Doe v. KPMG, LLP*, 398 F.3d 686, 689 (5th Cir.2005); *Haller v. Commissioner*, 100 T.C.M. (CCH) 9, 2010 WL 2680705, at *3 n. 9 (2010) (citing H.R.Rep. No. 105–599, at 255 (1988), 1998 U.S.C.C.A.N. 288 (Conf. Rep.)).

10. In support of this view, Ms. Murdock cites I.R.C. § 6072(a). *See* Hr'g Tr. 24:20 to 28:8. This Subsection, however, simply requires that certain income tax returns made on a calendar-year basis be filed by the following April 15. It does not bear on applicability of Subsection 6511(h).

*see also Brockamp,* 519 U.S. at 354, 117 S.Ct. 849; *Sumner v. United States,* 71 Fed.Cl. 627, 629 (2006) (citing *KPMG,* 398 F.3d at 689). As Judge Sweeney of this court explained regarding a taxpayer in the same legal situation as Ms. Murdock:

> Unless Congress specifically sets forth a provision that permits the tolling or suspension of a limitation period, a court is duty-bound to apply the time limitation specified by Congress, no matter how unfair or harsh the result. No court relishes fulfilling its solemn obligation to apply the law when it leads to seemingly unjust results, but a court is obligated to apply the law as written.

*Musungayi,* 86 Fed.Cl. at 125.

## CONCLUSION

Because I.R.C. § 6511(b)(2)(A) limits any recovery to zero dollars, Ms. Murdock has failed to state a claim upon which relief can be granted. Accordingly, the theories of recovery of taxes paid alleged in the complaint are unavailing. The government's motion to dismiss is GRANTED pursuant to RCFC 12(b)(6). The clerk shall enter judgment in accord with this disposition. No costs.

It is so ORDERED.