**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 49**

Docket No. DC-1221-14-0898-W-1

**Timothy Allen Rainey,**

**Appellant,**

**v.**

**Department of State,**

**Agency.**

August 6, 2015

Larry S. Gibson, Baltimore, Maryland, for the appellant.

Niels von Deuten and Anne Joyce, Esquire, Washington, D.C., for the
  agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the following reasons, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2      The appellant holds the position of Program Director for the agency's Bureau of African Affairs. Initial Appeal File (IAF), Tab 1 at 1, Tab 9 at 17. He filed this IRA appeal, alleging that he was the victim of prohibited personnel

practices. IAF, Tab 1 at 6. Specifically, the appellant asserted that the agency violated 5 U.S.C. § 2302(b)(9)(D), which protects employees from retaliation "for refusing to obey an order that would require the individual to violate a law." 5 U.S.C. § 2302(b)(9)(D).[1] IAF, Tab 8 at 4-5. He alleged that the agency improperly stripped him of particular job duties and gave him a subpar performance rating for disobeying an order that would have required that he violate (1) a Federal Acquisition Regulation[2] that limits the authority of a contracting officer's representative (COR), and (2) "PA296: How to be a COR," the agency's training course for COR certification, which further clarifies the limitations to this authority. *Id.* at 4-5, 12, 16.

¶3    The agency moved to dismiss the appeal for lack of Board jurisdiction. IAF, Tab 10 at 11-18. Among other things, the agency argued that, although 5 U.S.C. § 2302(b)(9)(D) protects employees from retaliation when they refuse to comply with an order that causes a violation of statute, this protection does not extend to violations of a regulation or policy. IAF, Tab 10 at 12-15.

¶4    Citing the Supreme Court's recent decision in *Department of Homeland Security v. MacLean*, 135 S. Ct. 913 (2015), the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant's allegations pertaining to the violation of a regulation and agency training did not amount to a nonfrivolous allegation that he refused to obey an order that would require him to violate "a law." IAF, Tab 30, Initial Decision (ID) at 4-6.

---

[1] In his initial filing, the appellant claimed that the agency violated both 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9)(D). IAF, Tab 1 at 6. However, his response to the administrative judge's jurisdictional order narrowed the allegations, citing only section 2302(b)(9)(D). IAF, Tab 8 at 4-5.

[2] 48 C.F.R. § 1.602-2(d)(5), (7).

¶5     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 3-4.

## ANALYSIS

¶6     The appellant argues on review that the administrative judge erred in concluding that the "right-to-disobey" provision at section 2302(b)(9)(D) applies only to violations of statute, and not to violations of rules or regulations.  PFR File, Tabs 1, 4.  We disagree.

¶7     This case, like *MacLean*, arises under the Whistleblower Protection Act, as amended by the Whistleblower Protection Enhancement Act of 2012.  Unlike *MacLean*, however, it does not involve a whistleblower claim under 5 U.S.C. § 2302(b)(8)(A)(i) that a personnel action was taken in reprisal for having disclosed information that the appellant reasonably believed to evidence "any violation of any law, rule, or regulation . . . if such disclosure is not specifically prohibited by law."  Rather, as stated above, it concerns a claim under section 2302(b)(9)(D) that the agency took a personnel action for "refusing to obey an order that would require the individual to violate a law."  The dispositive issue, therefore, is whether the appellant's right under section 2302(b)(9)(D) to disobey an order that would require him to violate "a law" encompasses an order that would require him to violate a rule or regulation.

¶8     We find the *MacLean* Court's construction of the term "law" in section 2302(b)(8)(A)(i) instructive for purposes of interpreting the term "law" in section 2302(b)(9).  In *MacLean*, the Transportation Security Administration (TSA) argued that an employee's disclosures were not protected under section 2302(b)(8)(A)(i) because they were "specifically prohibited by law."  The Court disagreed, holding that a disclosure "specifically prohibited by law" must be expressly barred by the statute itself, not merely by an agency rule or regulation.  *See MacLean*, 135 S. Ct. at 919-21.  Noting the close proximity

between "law" and "law, rule, or regulation" within the whistleblower provision, as well as the fact that the broader "law, rule, or regulation" language was used multiple times throughout section 2302, the Court determined that Congress's use of the narrower word "law" was deliberate. *Id.* Accordingly, the Court held that the term "law" did not encompass rules or regulations. *Id.* at 921. Therefore, the Court concluded that the employee's disclosure in *MacLean* was not "specifically prohibited by law," even if prohibited by TSA regulation. *See id.* at 920-21.

¶9        The appellant argues that the Supreme Court's *MacLean* decision is not dispositive and that "law" should be interpreted broadly for purposes of section 2302(b)(9). PFR File, Tab 4 at 6-12. We disagree. Congress did not use the phrase "law, rule, or regulation" in the statutory language at issue here. As the *MacLean* Court recognized, Congress generally acts intentionally when it uses particular language in one section but omits it in another. *MacLean*, 135 S. Ct. at 919.

¶10       Further, it is a normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning, particularly when the words are in the same statutory section. *Hughes v. Office of Personnel Management*, 119 M.S.P.R. 677, ¶ 7 (2013). Notwithstanding the appellant's policy arguments in favor of a broader interpretation of "law" for purposes of the right-to-disobey provision, *e.g.*, PFR File, Tab 1 at 5-13, we are bound by the express terms of the statute, *see generally Commissioner of Internal Revenue v. Lundy*, 516 U.S. 235, 252 (1996) (a court may not rewrite a statute to comport with what it deems good policy), *superseded by statute on other grounds as stated in Murdock v. United States*, 103 Fed. Cl. 389 (Fed. Cl. 2012).

¶11       In light of *MacLean*, we hold that the right-to-disobey provision at section 2302(b)(9)(D) extends only to orders that would require the individual to take an action barred by statute. Because the appellant in this case contends that he disobeyed an order that would have required him to violate an agency rule or regulation, his claim falls outside of the scope of section 2302(b)(9)(D).

¶12 Thus, the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## ORDER

¶13 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not

both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.