# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT DONNELL DONALDSON,
              Appellant,

        v.

DEPARTMENT OF THE NAVY,
              Agency.

DOCKET NUMBER
DC-0752-13-1200-I-1[1]

DATE: March 24, 2016

# THIS ORDER IS NONPRECEDENTIAL[2]

<u>Robert Donnell Donaldson</u>, Landover, Maryland, pro se.

<u>Kenneth Rye</u>, Esquire, <u>Robert C. Rutherford, Jr.</u> and <u>M. Alana Mayer</u>,
    Norfolk, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's action furloughing him from his position and found that he

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation, *Military Sealift Command Washington Navy 2 v. Department of the Navy*, MSPB Docket No. DC-0752-14-0246-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

failed to prove his affirmative defenses. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's findings that the furlough promoted the efficiency of the service and that the appellant failed to prove his affirmative defenses of a violation of due process, harmful procedural error, and discrimination based on race and national origin. We VACATE the administrative judge's finding that the appellant failed to prove his claim that the agency violated the Veterans Employment Opportunities Act of 1998 (VEOA), and dismiss the claim for lack of jurisdiction. We REMAND the case to the regional office for further adjudication of the appellant's potential affirmative defense under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) in accordance with this Order.

## BACKGROUND

¶2      The agency issued a decision notice furloughing the appellant from his position as a Marine Transportation Specialist with the Military Sealift Command (MSC) for no more than 11 workdays. Initial Appeal File (IAF), Tab 7 at 9, 30. The proposal notice indicated that the furlough was due to the "extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013." *Id*. at 25‑26. The agency later reduced the duration of the furlough from 11 days to 6 days. Department of the Navy Administrative Record for FY 2013 Furlough Appeals (AR), Part 1, Tab 2 at 18, Tab 3 at 19, *available at* http://www.mspb.gov/furloughappeals/navy2013.htm.

¶3      The appellant filed an individual appeal challenging the furlough, which the Board consolidated with related appeals of other MSC employees. IAF, Tab 1, Tab 12; *Military Sealift Command Washington Navy 2 v. Department of the Navy*, MSPB Docket No. DC-0752-14-0246-I-1, Consolidation Appeal File (CAF), Tab 1 at 1, 12. The appellant challenged the propriety of the furlough, and raised

a number of affirmative defenses, alleging that the agency violated his due process rights, committed harmful procedural error, violated his veterans' preference rights, and discriminated against him based on race, national origin, and his status as a disabled veteran.  IAF, Tab 16 at 6‑8, Tab 37 at 11, Tab 39 at 6‑10, 23, Tab 42 at 12, 14‑19.

¶4    Following a hearing, the administrative judge issued an initial decision sustaining the furlough action.  CAF, Tab 26, Initial Decision (ID) at 2.  He found that the agency proved that the furlough promoted the efficiency of the service.  ID at 17-19.  Regarding the appellant's affirmative defenses, the administrative judge found that the appellant failed to establish a violation of due process or harmful procedural error.  ID at 19‑21.  He also found that the appellant failed to establish his claims of discrimination based on race or national origin.  ID at 24−28 & n.8.  Finally, he found that the appellant failed to provide evidence to support his claim that the agency violated VEOA.  ID at 28‑29.

¶5    The appellant has filed a petition for review of the initial decision, and the agency has opposed the petition for review.  Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    On review, the appellant states that he challenges "each and every finding of fact" in the initial decision.  PFR File, Tab 1 at 4.  A petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).  Under the Board's regulations, the petition for review itself must identify any procedural or adjudicatory errors and explain how they affected the outcome of the initial decision.  5 C.F.R. §§ 1201.114(b), 1201.115(b)-(c).  Accordingly, we have not revisited the administrative judge's findings or reanalyzed the evidence regarding "each and every finding" in the initial decision.  PFR File, Tab 1 at 4; *see*

*Davison v. Department of Veterans Affairs*, [115 M.S.P.R. 640](), ¶ 9 (2011) (finding that mere disagreement with the administrative judge's explained findings are not a basis to grant the petition for review); *Weaver v. Department of the Navy*, [2 M.S.P.R. 129](), 133 (1980) (finding that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error).  Instead, we have limited our review to those issues and findings regarding which the appellant has presented specific arguments on review.[3]

The agency's alleged failure to comply with the administrative judge's instruction does not provide a basis for disturbing the initial decision.

¶7        On review, the appellant contends that the agency failed to comply with an instruction from the administrative judge to exclude an attorney for the agency from all pleadings and involvement with the consolidated appeals, because the attorney supervised another appellant, and could potentially be called as a rebuttal witness at hearing.  PFR File, Tab 1 at 11.  He alleges that the attorney continued to receive pleadings electronically and that the administrative judge was complicit in the agency's actions by failing to enforce his instruction.  *Id*.  However, the attorney for the agency did not supervise the appellant, and the appellant has failed to explain how any alleged error by the agency or administrative judge in allowing her to continue to receive pleadings electronically affected his substantive rights.  PFR File, Tab 11 at 1.  Therefore, we find that the appellant's arguments regarding the agency's alleged failure to comply with the administrative judge's instruction do not provide a basis for disturbing the initial decision.  *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](), 282 (1984) (finding that an adjudicatory error that is not

---

[3] The appellant does not raise any specific arguments on review challenging the administrative judge's findings that he failed to prove his affirmative defenses of a violation of due process or harmful procedural error, and we discern no reason to disturb these findings.  PFR File, Tab 1; *see* ID at 19‑21.

prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The agency proved by preponderant evidence that the appellant's furlough promoted the efficiency of the service.</u>

¶8    An agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service."[4] 5 U.S.C. §§ 7512(5), 7513(a); *Einboden v. Department of the Navy*, 802 F.3d 1321, 1324-25 (Fed. Cir. 2015).  An agency satisfies this standard in a furlough appeal by showing that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner.  *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013).

¶9    On review, the appellant reiterates his argument, raised below, that the agency should not have furloughed him because his salary was paid from a working capital fund (WCF), which he contends was not subject to sequestration.  PFR File, Tab 1 at 5; *see* IAF, Tab 33 at 3, Tab 37 at 9.  Applying the Board's decision in *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶¶ 15‑16, *aff'd*, 802 F.3d 1321 (Fed. Cir. 2015), the administrative judge found that the agency had discretion to furlough employees, such as the appellant, whose salaries were paid from WCFs.  ID at 22.  After the initial decision in the instant

---

[4] On review, the appellant appears to challenge the "efficiency of the service" standard, characterizing it as "disingenuous," "hypothetical," and "contrary to the [l]aw of the Circuit."  PFR File, Tab 1 at 6, 8-10.  However, the "efficiency of the service" standard is statutorily established and has been adopted and applied in precedential decisions of the U.S. Court of Appeals for the Federal Circuit.  5 U.S.C. §§ 7512(5), 7513(a); *Einboden v. Department of the Navy*, 802 F.3d 1321, 1324-25 (Fed. Cir. 2015).  The Board has no discretion to alter this standard. *See Commissioner of Internal Revenue v. Lundy*, 516 U.S. 235, 252 (1996) (finding that a court is bound by the language of a statute as it is written), *superseded by statute on other grounds as stated in Murdock v. United States*, 103 Fed. Cl. 389 (2012); *see also Spain v. Department of Homeland Security*, 99 M.S.P.R. 529, ¶ 9 (2005) (finding that decisions of the Federal Circuit constitute precedent that is binding on the Board), *aff'd*, 177 F. App'x 88 (Fed. Cir. 2006).

appeal was issued, the Federal Circuit issued a precedential decision affirming the Board's decision in *Einboden*. *See Einboden*, 802 F.3d 1321. The Federal Circuit found, in pertinent part, that even assuming that WCFs were exempt from sequestration, employees paid from WCF accounts were not shielded from being furloughed and that the savings from the furlough of WCF employees could be used to address shortfalls in other areas of the agency's budget. *Id.* at 1325. The Federal Circuit's decision in *Einboden* controls our analysis of the appellant's WCF argument, and accordingly, we affirm the administrative judge's findings in this regard.

¶10    For the first time on review, the appellant alternatively contends that his furlough was improper because Congress allegedly only authorized $2 million to be sequestered from the agency's WCF, and the agency purportedly saved significantly more than that amount through the furlough of MSC employees. PFR File, Tab 1 at 4-5, 7. However, the Federal Circuit's decision in *Einboden* also forecloses this argument. *Einboden*, 802 F.3d at 1325. Moreover, in its recent precedential decision in *National Federation of Federal Employees, Local 1442 v. Department of the Army*, Nos. 2014-3175 & 2014-3189, 2015 WL 6143247, at *7 (Fed. Cir. Oct. 20, 2015), the Federal Circuit held that it was reasonable for the DOD to consider its budget situation holistically when faced with sequestration, rather than isolating the situation of individual WCF entities. *See Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014) (finding that, for purposes of the efficiency of the service standard, it was reasonable for DOD to consider its budget holistically, rather than isolating the situation of individual military components). The appellant does not dispute that DOD as a whole was facing a budgetary shortfall of billions of dollars, AR, Part 1, Tab 3 at 19, significantly more than the amount that he contends that the agency saved through the furlough of MSC employees, PFR File, Tab 1 at 7.

¶11    Finally, the appellant argues that the agency failed to demonstrate that savings from the furlough of MSC employees was used to offset the shortfall in

DOD's operations and maintenance budget shortfall. PFR File, Tab 1 at 10. However, in *Einboden*, the court held that an agency is not "required to show actual re-programming of the funds saved by [an employee's] furlough" in order to demonstrate that the furlough promoted the efficiency of the service. *See Einboden*, 802 F.3d at 1325. In sum, the appellant has not persuaded us that the administrative judge erred in his assessment of the financial restrictions placed on the agency or in his conclusions that the furlough was a reasonable management solution to these restrictions and that the furlough was applied in a fair and even manner. Therefore, we affirm the administrative judge's finding that the appellant's furlough promoted the efficiency of the service.

<u>The administrative judge correctly found that the appellant failed to prove his affirmative defenses of discrimination based on race and national origin.</u>

¶12       On review, the appellant contends that the administrative judge summarily dismissed his discrimination claims, and asserts that he is in a protected class because he is African‑American and a disabled veteran.[5] PFR File, Tab 1 at 12. Regarding the appellant's claim that the agency discriminated against him based on his race, the administrative judge found that the appellant failed to provide any evidence to support this claim under either a disparate impact or disparate treatment theory. ID at 28 n.8. Although the administrative judge's analysis was not detailed, we agree with his conclusion that the appellant failed to prove this affirmative defense.

---

[5] The appellant also argues on review that he is in a protected class because he is over 40 years old. PFR File, Tab 1 at 12. However, the appellant did not raise an affirmative defense of discrimination based on age below. IAF, Tabs 37, 39, 42. We decline to consider this affirmative defense, raised in the first instance on review, because the appellant has failed to demonstrate that it is based on new and material evidence that was previously unavailable to him despite due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶13    As the administrative judge explained in the affirmative defenses order below, IAF, Tab 38 at 5‑6, to establish a claim of discrimination based on a disparate impact theory, the appellant must, as an initial matter, present sufficient statistical evidence to prove that the employment practice at issue fell more harshly on one group than another, *Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 12 (2003); *Pigford v. Department of the Interior*, 75 M.S.P.R. 250, 256 (1997).  The appellant has presented no such evidence, either below or on review. PFR File, Tab 1 at 12; IAF, Tabs 37, 39, 42.

¶14    Several days before the initial decision in the instant appeal was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board analyzes claims of discrimination based on a disparate treatment theory.  *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015).   Pursuant to *Savage*, where an appellant asserts an affirmative defense of discrimination, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.  *Id.*, ¶ 51.  An appellant may make this initial showing using direct evidence or any of three types of circumstantial evidence: a convincing mosaic of evidence from which a discriminatory intent may be inferred; evidence of disparate treatment of similarly situated comparators; or evidence that the agency's stated reason is not worthy of credence but rather a pretext for discrimination.  *Id.*, ¶¶ 42-43 (quoting *Troupe v. May Department Stores Company*, 20 F.3d 734, 736‑37 (7th Cir. 1994)).  If the appellant meets that burden, the Board then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action in the absence of the alleged discriminatory motive, and, if the Board finds that the agency has made that showing, its violation of 42 U.S.C. § 2000e-16 will not require reversal of the action.  *Savage*, 122 M.S.P.R. 612, ¶ 51.

¶15    The initial decision in the present appeal did not discuss or apply the clarified evidentiary standards in *Savage*. ID at 24‑28 & n.8. However, we find that applying the analytical framework in *Savage* would not change the result regarding the appellant's claim of discrimination based on race in this case. The appellant failed to make an initial showing that race was a motivating factor in the contested personnel action. He simply asserted that he was African–American, and failed to present either direct or circumstantial evidence that race was a motivating factor in the furlough action. IAF, Tab 39 at 6, Tab 42 at 15, 18. Accordingly, we find that he failed to establish his affirmative defense of discrimination based on race under a disparate treatment theory.

¶16    On review, the appellant has not raised any specific allegations of error regarding the administrative judge's finding that he failed to prove his affirmative defense of discrimination based on national origin. PFR File, Tab 1. We find that, contrary to the appellant's assertion on review that the administrative judge generally summarily dismissed his discrimination claims, *id.* at 12, the administrative judge thoroughly analyzed the appellant's national origin discrimination claim, and correctly concluded that the appellant failed to prove this affirmative defense. In pertinent part, we agree with the administrative judge that citizenship is not a protected category under title VII of the Civil Rights Act, and that the appellant did not specify that he was a member of a protected category with respect to national origin, given that U.S. citizens encompass a variety of national origins. ID at 26-27; *see Espinoza v. Farah Manufacturing Co.*, 414 U.S. 86, 88-89, 92 (1973) (finding that discrimination based on citizenship does not violate title VII unless it is a pretext for national origin discrimination). We also agree with the administrative judge that the agency provided several legitimate, nondiscriminatory reasons for its decision to exempt foreign nationals employed outside the contiguous U.S. from the furlough. ID at 27; AR, Part 1, Tab 2 at 16, ¶ 5. We further find that applying the analytical

framework in *Savage* would not change the result regarding the appellant's discrimination claim based on national origin in this case. Thus, based on the existing record, and for the reasons contained in the initial decision, we affirm the administrative judge's finding that the appellant did not meet his burden of proving his affirmative defense of discrimination based on national origin.

The appellant's VEOA claim is dismissed for lack of jurisdiction without reaching the merits.

¶17    The appellant's assertion on review that he is in a protected class because he is a disabled veteran may be construed as a challenge to the administrative judge's finding that he failed to provide evidence to support his claim that the agency violated his rights under VEOA. PFR File, Tab 1 at 12; ID at 28-29. Specifically, the administrative judge found that the appellant failed to provide evidence or argument regarding any statute or regulation relating to veterans' preference the agency allegedly violated in effectuating the furlough. ID at 28‒29. This constitutes a finding on the merits of the appellant's VEOA claim. *See Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 7 (2008) (finding that an appellant's allegation in general terms that his VEOA preference rights were violated was sufficient to raise a nonfrivolous allegation that an agency violated his rights under a statute or regulation relating to veterans' preference).

¶18    However, to establish Board jurisdiction over a VEOA claim, an appellant must, among other things, show that he exhausted his administrative remedy with the Department of Labor (DOL). *Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 8 (2012). In the present case, the appellant has failed to demonstrate that he exhausted his administrative remedy with DOL, and therefore, the Board lacks jurisdiction over his VEOA claim.[6] *See id.*, ¶ 11.

---

[6] Prior to issuing the initial decision, the administrative judge failed to notify the appellant of the jurisdictional elements of a VEOA claim, including the exhaustion requirement. IAF, Tab 38; *see Burgess v. Merit Systems Protection Board*, 758 F.2d

Because the Board lacks jurisdiction over the VEOA claim, we find that the administrative judge erred in adjudicating the claim on the merits. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (explaining that the Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal); *see also Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶¶ 1, 4 (2010) (vacating an initial decision on the merits to dismiss for lack of jurisdiction under VEOA because jurisdiction is a threshold issue). Therefore, we vacate the administrative judge's finding in that regard, and instead, we dismiss the claim for lack of jurisdiction.

Remand is required to address the appellant's potential affirmative defense under USERRA.

¶19    We find the appellant's allegations below that the agency discriminated against him as a disabled veteran should have been construed as a potential affirmative defense to the furlough action under USERRA. IAF, Tab 37 at 11. USERRA claims are broadly and liberally construed, and the appellant need not invoke the USERRA statute itself for the Board to review a claim under USERRA. *Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 10 n.6 (2009). If an appellant either explicitly or implicitly alleges USERRA as an affirmative defense, the administrative judge must inform him of his burden of proof and of his burden of going forward with the evidence, as well as of the type of evidence necessary to prove the defense. *Fox v. U.S. Postal Service*, 88 M.S.P.R. 381, ¶¶ 10, 14 (2001); *see Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010)

---

641, 643‑44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). However an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking, or if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review. *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008). Here, we find that the agency's pleading below and the initial decision cured the administrative judge's failure to provide jurisdictional notice regarding the appellant's VEOA claim. IAF, Tab 40 at 7; ID at 28.

(finding that where an appellant alleges facts that reasonably raise an affirmative defense, the administrative judge must address the affirmative defense in any close-of-record order or prehearing conference summary and order).  The administrative judge failed to do so here, and therefore, a remand is necessary.[7]  IAF, Tab 37; CAF, Tab 15.  On remand, the administrative judge shall inform the appellant of his burdens of proof and of pursuing his potential affirmative defense under USERRA; allow for further development of the record regarding this affirmative defense as appropriate; and issue a new initial decision addressing the affirmative defense.

## ORDER

¶20    For the reasons discussed above, we affirm the administrative judge's findings that the furlough promoted the efficiency of the service and that the appellant failed to prove his affirmative defenses of a violation of due process, harmful procedural error, and discrimination based on race and national origin.  We vacate the administrative judge's finding that the appellant failed to prove his claim that the agency violated VEOA, and instead dismiss the claim for lack of jurisdiction.  We remand the case to the regional office for further adjudication of the appellant's potential affirmative defense under USERRA in accordance with this Remand Order.


FOR THE BOARD:                            _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.

---

[7] The agency's pleadings and the initial decision also did not provide notice regarding the appellant's potential USERRA affirmative defense.  IAF, Tab 40; ID.